19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald L. SWEARINGEN, Plaintiff-Appellant,
v.
Charles T. CLOUTIER, et al., Defendants-Appellees.
 No. 93-3919.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 1
 Before: RYAN and NORRIS, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 Donald L. Swearingen, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking equitable and monetary relief, Swearingen sued various prison officials in their individual capacities, including a doctor (Hughes) at the Orient Correctional Institution (OCI), an institutional inspector (Jones) and three corrections officers (Rice, Lanning and Vance), as well as two doctors (Cloutier and Murray) employed at the Ohio State University Hospital. Swearingen alleged that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they cancelled his prescription for pain medication and when they placed him in an unsanitary cell. He also alleged that the defendants violated his Fourteenth Amendment rights in an unspecified manner. Finally, Swearingen alleged that the defendants denied him access to the law library, prevented his legal mail from reaching the district court and retaliated against him.
 
 
 4
 The district court granted defendant Jones's motion for judgment on the pleadings, and granted defendant Hughes's motion for judgment on the pleadings as to Swearingen's claim regarding his cell assignment but not as to Swearingen's Eighth Amendment claim. It also granted defendant Cloutier's motion for judgment on the pleadings. A panel of this court then dismissed Swearingen's appeal for lack of jurisdiction. Thereafter, the district court granted defendants Murray's and Hughes's motion for summary judgment, and dismissed the remaining defendants, Rice and Lanning, for lack of service of process. Swearingen has filed a timely appeal, as well as an affidavit in support of his brief and a motion for the appointment of counsel.
 
 
 5
 Upon review, we conclude that defendants Rice and Lanning were properly dismissed because Swearingen failed to effect service of process on them within 120 days of filing the complaint. Absent a showing of good cause explaining why service was not timely achieved, Fed.R.Civ.P. 4(j) [now codified as Rule 4(m) in the 1993 rules] mandates the dismissal of a suit as to all unserved parties. Moncrief v. Stone, 961 F.2d 595, 596 (6th Cir.1992). Actual knowledge of the suit will not cure defective service. Friedman v. Estate of Presser, 929 F.2d 1151, 1155 (6th Cir.1991). Although the district court did not specifically dismiss defendant Vance for lack of service of process he was properly subject to dismissal because Swearingen also did not effect service of process on him. The district court also properly granted the motions for judgment on the pleadings filed by Jones, Cloutier and Hughes. See Peters v. National R.R. Passenger Corp., 966 F.2d 1483, 1485 (D.C.Cir.1992). The defendants established that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. See Paskvan v. City of Cleveland Civil Serv. Comm'n, 946 F.2d 1233, 1235 (6th Cir.1991). The district court also properly granted summary judgment to defendants Murray and Hughes on Swearingen's Eighth Amendment claim. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Swearingen is not entitled to relief as his complaints only amount to claims of medical malpractice or a disagreement over the course of his treatment. See Estelle v. Gamble, 429 U.S. 97, 104 and 107 (1976).
 
 
 6
 Finally, Swearingen's remaining claims are without merit. Swearingen's claims that the defendants denied him access to the law library, that they prevented his legal mail from reaching the district court and that they retaliated against him do not state a claim, as they are merely conclusory allegations of unconstitutional conduct, unsupported by any factual basis. See Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986).
 
 
 7
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation