TRANSWORLD PRODUCTS
CO., INC., Plaintiff,

v.

CANTEEN CORPORATION and
Washington Metropolitan Area
Transit Authority, Defendants.

Civ. A. No. 94–1583 SSH.

United States District Court,
District of Columbia.

Nov. 16, 1995.

Douglas J. Rykhus, Washington, DC, for Plaintiff.

Bruce P. Heppen, WMATA, Washington, DC, for Defendants.

## OPINION

STANLEY S. HARRIS, District Judge.

Before the Court is a motion for judgment on the pleadings by defendant Washington Metropolitan Area Transit Authority ("WMATA") in an action brought by plaintiff TransWorld Products Co., Inc. ("TWP") alleging, *inter alia*, violation of federal and District of Columbia Disadvantaged Business Enterprise ("DBE") statutes as well as fraud and misrepresentation.

■ A court will grant a motion for judgment on the pleadings only if, after the close of the pleadings, no material fact remains in dispute, and the moving party is entitled to judgment as a matter of law. *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1485 (D.C.Cir.1992); Fed.R.Civ.P. 12(c). A trial court will not grant a motion for judgment on the pleadings merely because the court doubts plaintiff's ability to prove the allegations of the complaint at trial. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 & n. 73 (D.C.Cir.1987).

The standard of review on a motion for judgment on the pleadings is virtually identical to the standard for a motion to dismiss. *Haynesworth,* 820 F.2d at 1254; *UPS v. Int'l Bhd. of Teamsters,* 859 F.Supp. 590, 592 & n. 1 (D.D.C.1994); Fed.R.Civ.P. 12(c), 12(b)(6). The Court will not dismiss plaintiff's complaint unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *UPS,* 859 F.Supp. at 593. The Court must accept as true all factual allegations and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Peters,* 966 F.2d at 1485. Conversely, a plaintiff's legal conclusions, opinions, or unwarranted averments of fact will not be deemed admitted. *Haynesworth,* 820 F.2d at 1254; *Webb v. District of Columbia,* 864 F.Supp. 175, 179–180 (D.D.C.1994).

The Court grants defendant WMATA's motion for judgment on the pleadings. The Court finds that the federal DBE statutes allegedly violated do not apply to the contract between defendant WMATA and defendant Canteen Corporation because the transaction was not federally-assisted, thereby placing the contract outside the scope of the federal DBE statutes. Plaintiff subcontractor's claim against WMATA for violation of the federal DBE statutes is conditioned on a finding that the contract between the two defendants is covered by the federal DBE statutes. Because the Court finds that this condition is not satisfied, plaintiff's claim against WMATA is rejected. Further, the Court holds that plaintiff TWP has conceded Counts Three and Four of its amended complaint by failing to respond to WMATA's arguments that the D.C. DBE statutes do not apply to WMATA (Count Three), and

that TWP's fraud and misrepresentation claim is legally insufficient (Count Four). Although findings of fact and conclusions of law are unnecessary in ruling on a motion for judgment on the pleadings, *see* Fed.R.Civ.P. 52(a), the Court nonetheless sets forth its reasoning.

### Background

In 1991, defendant Canteen Corporation ("Canteen") was awarded a contract with WMATA to supply vending machine services. Canteen was required to comply with WMATA's Minority Business Enterprise/Disadvantaged Business Enterprise (MBE/DBE) program as part of its solicitation for the WMATA contract. Answer to Amended Complaint at ¶ 23.[1] Plaintiff TWP also provides vending machine services to various large businesses and was at the time a certified "Disadvantaged Business Enterprise" according to the rules and regulations in 49 C.F.R. §§ 23.62, 23.51, 23.53, and Subpart D generally.[2] Canteen selected plaintiff TWP as a subcontractor in order to satisfy WMATA's DBE requirement.

TWP alleges that defendant Canteen failed to provide TWP with the required percentage of the WMATA contract revenue and ultimately terminated the contract with TWP on or about June 24, 1992. On June 17, 1992, TWP filed suit against Canteen in the Superior Court of the District of Columbia for breach of contract, seeking damages from the termination. Canteen counterclaimed, alleging that TWP failed to provide adequate quality vending machine services and failed to pay WMATA commissions required by the contract.

After nearly two years in the Superior Court, plaintiff amended its complaint and added WMATA as a defendant on June 1, 1994. TWP's amended complaint includes five counts. Count One alleges breach of contract against defendant Canteen. Count

---

1. WMATA has implemented a broader DBE/MBE program than that required by the federal statutes and regulations. *See* Memorandum of Points and Authorities in Support of WMATA's Motion for Judgment on the Pleadings at 5. However, plaintiff has chosen to sue under the federal DBE statutory scheme.

2. WMATA alleges that TWP's status as a certified DBE expired on December 31, 1991. The Court does not address this issue because it is not relevant to the disposition of this motion.

Two alleges that both defendants Canteen and WMATA violated federal DBE statutes. Similarly, Count Three alleges that both defendants Canteen and WMATA violated District of Columbia DBE statutes. Count Four alleges fraud and misrepresentation against both defendants Canteen and WMATA. Finally, Count Five seeks punitive damages against defendant Canteen.

TWP alleges that WMATA violated both federal and District of Columbia DBE statutes by accepting Canteen's continued performance of its contract with WMATA despite the termination of TWP and Canteen's failure to substitute another qualified DBE. Additionally, TWP alleges WMATA engaged in fraud and misrepresentation. On July 20, 1994, defendant WMATA removed the case to this Court pursuant to 28 U.S.C. § 1446 and Pub.L. No. 89–774, ¶ 81, and now seeks to dismiss those counts applicable to it.[3]

*Discussion*

I. Count Two—Violation of Federal DBE Statutes

TWP alleges that WMATA breached the statutory scheme of the federal DBE statutes codified at 49 C.F.R. § 23, *et seq.* Without citing any specific provision WMATA allegedly violated, TWP asserts that WMATA's continued acceptance of Canteen's performance, knowing Canteen had terminated its subcontract with TWP, violated the statutory scheme. Before turning to the merits of TWP's claim against WMATA, the Court considers it helpful to explicate the general statutory scheme under which plaintiff's claim arises. In *O'Donnell Constr. Co. v. District of Columbia*, 815 F.Supp. 473, 478–479 & n. 7–10 (D.D.C.1992), Chief Judge Penn summarized the relevant DBE statutes. The following explanation draws heavily from that opinion.[4]

A. The Statutory Scheme

Congress enacted a five-year transportation authorization act in 1983 entitled the Surface Transportation Assistance Act of 1982 ("STAA"), Pub.L. No. 97–424, 96 Stat. 2097 (1983). After STAA funding expired, Congress passed the Surface Transportation and Uniform Relocation Assistance Act of 1987 ("STURAA"), Pub.L. No. 100–17, 101 Stat. 132 (1987). Congress enacted these statutes to achieve minority business participation goals, primarily through the use of set-asides for qualified subcontractors. *Harrison & Burrowes Bridge Constructors v. Cuomo*, 981 F.2d 50, 53 (2d Cir.1992) (citing S.Rep. No. 4, 100th Cong., 1st Sess. 11–12 (1987), *reprinted in* 1987 U.S.C.C.A.N. 66, 76). Pursuant to STAA and STURAA, each federal aid recipient must make reasonable efforts to award at least 10% of these funds to businesses owned and controlled by socially and economically disadvantaged persons. The Department of Transportation promulgated regulations, codified at 49 C.F.R. § 23 (1990), to implement these statutes.

Congress conditioned the granting of federal transportation funds on the District of Columbia's compliance with federal rules regarding contracting generally and STURAA in particular. A disadvantaged business must be certified as a DBE by the District pursuant to eligibility standards set forth in 49 C.F.R. § 23.62. *See generally, Car–Mar Constr. Corp. v. Skinner*, 777 F.Supp. 50 (D.D.C.1991) (providing a detailed discussion of the DBE certification process). Only a small business owned and controlled by socially and economically disadvantaged persons will be certifiable. *Id.* STURAA incorporated the definitions of social and economic disadvantage that were set forth in § 2(8) of

---

**3.** The Court does not address the merits of Counts One and Five because they pertain solely to defendant Canteen and thus are not relevant to the resolution of WMATA's motion for judgment on the pleadings.

**4.** For other interpretations of the same statutory scheme in accord with Chief Judge Penn's summary, *see Harrison & Burrowes Bridge Constructors v. Cuomo*, 981 F.2d 50 (2d Cir.1992); *Tennessee Asphalt Co. v. Farris*, 942 F.2d 969 (6th

Cir.1991); *Milwaukee County Pavers Ass'n v. Fiedler*, 922 F.2d 419 (7th Cir.), *cert. denied*, 500 U.S. 954, 111 S.Ct. 2261, 114 L.Ed.2d 714 (1991); *Ellis v. Skinner*, 961 F.2d 912 (10th Cir.), *cert. denied sub nom., Ellis v. Card,* —— U.S. ——, 113 S.Ct. 374, 121 L.Ed.2d 286 (1992); *Cone Corp. v. Florida Dept. of Transp.*, 921 F.2d 1190 (11th Cir.), *cert. denied*, 500 U.S. 942, 111 S.Ct. 2238, 114 L.Ed.2d 479 (1991).

the Small Business Act, 15 U.S.C § 637(d) (1988).

Under the statutory scheme, the overall goal for federal fund recipients is for DBE participation to be "practical and related to the availability of [DBEs] in desired areas of expertise." 49 C.F.R. § 23.45(g). Recipients of federal funds must "develop and use affirmative action techniques to facilitate MBE participation in contracting activities." 49 C.F.R. § 23.45(c). The statute sets forth a target: not less than 10% of the amounts authorized will go to certified DBEs. STU-RAA § 106(c), 101 Stat. at 145. An overall goal of less than 10% may be accepted but must be supported by specific factual findings justifying a lesser percentage. See 49 C.F.R. § 23.65 (outlining specific factors that may justify a lesser percentage). A state must petition the Secretary of Transportation to obtain a waiver of the 10% minimum overall goal. 49 C.F.R. §§ 23.64(e), 23.65, and 49 C.F.R. Part 23, Subpart D, Appendix D. (See Ellis v. Skinner, 961 F.2d 912, 915 (10th Cir.), cert. denied sub nom. Ellis v. Card, 506 U.S. 939, 113 S.Ct. 374, 121 L.Ed.2d 286, 121 L.Ed.2d 286 (1992)).

Upon receiving a grant, the federal aid recipient must execute an agreement promising to submit, for Department of Transportation ("DOT") review, a disadvantaged business enterprise affirmative action program. 49 C.F.R. § 23.43(b). Grant recipients are required to establish overall goals for minority contracting for a specified period of time and goals on each specific prime contract with subcontracting possibilities. 49 C.F.R. § 23.45(g).

One way for an aid recipient to meet the overall goal is to set individual goals for DBE subcontracts. 49 C.F.R. § 23.45(g)(2)(ii). The recipient is required to set a minimum level of DBE participation on each contract that will count towards the overall goal. 49 C.F.R. § 23.45(g). Bidders failing to meet the individual DBE goal may nevertheless be awarded projects provided that the bidder can demonstrate good faith efforts to obtain DBE participation. 49 C.F.R. 23.45(h)(2); Tennessee Asphalt Co. v. Farris, 942 F.2d

969, 970 (6th Cir.1991). The District has discretion on a case-by-case basis to determine if the prime contractor has "actively and aggressively" attempted to meet the goal. 49 C.F.R. § 23.45, Appendix A, at 231. The regulations provide a nonexhaustive, nonexclusive list of criteria that may be considered by the District in determining whether a bidder has made good faith efforts. 49 C.F.R. § 23.45, Appendix A.[5]

### B. Statutory Application to Defendant WMATA

WMATA argues that the federal statutes and regulations cited do not apply to the contract between WMATA and Canteen because the contract generates revenue for WMATA and does not involve the expenditure of any federal DOT funds, thereby removing this contract from the scope of the federal DBE statutory scheme. In the alternative, WMATA argues that even if this contract were federally funded, no private cause of action is available to the plaintiff because Congress did not intend to create a private remedy to enforce this statute.

The federal DBE statutory scheme sets both overall and contract specific goals for DBE participation. However, the plain language of the implementing regulations (49 C.F.R. § 23, et seq.) makes it clear that both of these goals are applicable only to federally-assisted contracts made by the federal aid recipient.

Subpart C of the implementing regulations notes that the statutes were created so that minority businesses would have "the maximum opportunity to participate in the performance of contracts financed in whole or in part with Federal funds under this agreement." 49 C.F.R. § 23.43(a)(1) and (2) (emphasis added). Subpart D of the regulations applies to all "DOT financial assistance ... that recipients expend in DOT-assisted contracts." Id. at § 23.63. DOT financial assistance is defined as financial aid "provided directly in the form of actual money ... or indirectly in the form of guarantees authorized by statute ... or any other arrange-

---

5. The Court need not reach the issue of the continuing validity of this statutory scheme after

Adarand Constructors, Inc. v. Pena, —— U.S. ——, 115 S.Ct. 2097, 132 L.Ed.2d 158 (1995).

ment through which the recipient benefits financially." *Id.* at § 23.5. DOT-assisted contract means "any contract . . . which is paid for in whole or in part with DOT financial assistance." *Id.*

■ Taken together, these provisions outline a statutory scheme in which recipients of federal funds must comply with DBE requirements for any contract financed in whole or in part with federal money. The requirement to make every reasonable and necessary effort to ensure minority participation applies to every contract between the District and any contractor that involves the expenditure of federal funds. *Cone Corp. v. Florida Dept. of Transp.*, 921 F.2d 1190, 1193 (11th Cir.1991) (construing 49 C.F.R. § 23.43(a)).

Any contract financed in whole or in part with a federal grant obligates the grant recipient to comply with the DBE statutes. However, WMATA's contract with Canteen does not involve the expenditure of any federal funds. Federal requirements do not apply to the contract between WMATA and Canteen because the contract generates a profit for WMATA through the sale of goods in vending machines. Thus Canteen is obligated to pay WMATA, but WMATA is spending no federal money to complete its obligations and receives no DOT financial assistance regarding the contract with Canteen. Consequently, the contract between WMATA and Canteen does not fall within the scope of the statutory scheme outlined in 49 C.F.R. § 23, *et seq.*

■ The Court finds that the regulations in 49 C.F.R. § 23, *et seq.* do not apply to the contract between WMATA and Canteen. Thus WMATA's motion for judgment on the pleadings with respect to Count Two (violation of federal DBE statutes) is granted. The Court, therefore, does not reach the

issue of whether a private cause of action exists under the statute.

## II. Counts Three and Four

In its motion for judgment on the pleadings, defendant WMATA alleges that the District of Columbia DBE statutes (Count Three) do not apply to WMATA.[6] Additionally, WMATA asserts that TWP's fraud and misrepresentation claim (Count Four) is legally insufficient because TWP failed to meet the heightened pleading requirement for fraud required by Fed.R.Civ.P. 9(b), and WMATA has no obligation to TWP sounding in tort.

■ TWP does not address either of these claims in its opposition to WMATA's motion. *See* Plaintiff's Opp. at 2 ("Plaintiff does not address WMATA Argument II, 'The District of Columbia DBE laws do not apply to WMATA' and Argument III, 'Plaintiff's claim of fraud and misrepresentation (Count IV) is legally insufficient' ").[7] Consequently, the Court finds that plaintiff TWP has conceded these arguments and grants WMATA's motion for judgment on the pleadings with respect to Counts Three and Four.

### Conclusion

The Court holds that the federal DBE statutes allegedly violated by WMATA are not applicable to the contract between WMATA and Canteen because that contract was not federally-assisted. Consequently, TWP is unable to assert a claim against WMATA for violation of the federal DBE statutes based on WMATA's continued acceptance of Canteen's performance of that contract. The Court further concludes that plaintiff TWP has conceded its two other claims against WMATA, namely District of Columbia DBE statutory violations as well as fraud and misrepresentation, by failing to respond to

---

6. The District of Columbia Minority Contracting Act, D.C.Code Ann. § 1–1141 *et seq.* (1981), was declared unconstitutional in *O'Donnell Constr. Co. v. District of Columbia*, 815 F.Supp. 473, 481 (D.D.C.1992), applying guidelines set forth in *O'Donnell Constr. Co. v. District of Columbia*, 963 F.2d 420 (D.C.Cir.1992).

7. TWP does respond to WMATA's argument (regarding Count Four) that plaintiff's common law

claims are barred by the doctrine of governmental immunity. However, because this was an alternative argument to WMATA's argument that the claim of fraud and misrepresentation was legally insufficient, the Court's granting of WMATA's motion to dismiss Count Four with respect to fraud and misrepresentation renders moot the need to consider the merits of governmental immunity as a defense.

**6**

WMATA's arguments in its motion for judgment on the pleadings. Accordingly, defendant WMATA's motion for judgment on the pleadings is granted.

The dismissal of plaintiff's claims against WMATA leaves only plaintiff's nonfederal claims against defendant Canteen. Consequently, the Court remands the remainder of the case to the Superior Court of the District of Columbia. 28 U.S.C. § 1447(c). An appropriate Order accompanies this Opinion.

### ORDER

For the reasons stated in the accompanying Opinion, it hereby is

ORDERED, that defendant WMATA's motion for judgment on the pleadings is granted. It hereby further is

ORDERED, that Counts Two, Three, and Four are hereby dismissed as to WMATA. It hereby further is

ORDERED, that defendant WMATA is dismissed from this action. It hereby further is

ORDERED, that this case is remanded to the Superior Court of the District of Columbia.

SO ORDERED.