

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-2006

# Dunleavy v. Mt Olive

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3922

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Dunleavy v. Mt Olive" (2006). *2006 Decisions.* Paper 965.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/965

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3922
_____

HARRY DUNLEAVY,
                    Appellant
vs.

MOUNT OLIVE TOWNSHIP;
MOUNT OLIVE BOARD OF EDUCATION;
GEORGE JOHNSON; MARILYN PERSICO;
MARTHA HATCH; LORRAINE WATSON;
J. FRANK VESPA-PAPALEO
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-00122)
District Judge: Honorable Katherine S. Hayden
_____

Submitted Under Third Circuit LAR 34.1(a)
June 1, 2006
BEFORE:  FISHER, ALDISERT and WEIS, <u>CIRCUIT JUDGES</u>
Filed: June 2, 2006
_____

OPINION
_____

PER CURIAM.

        Harry Dunleavy sued Mount Olive Board of Education, Marilyn Persico,

and Martha Harsh, alleging discrimination in violation of the Age Discrimination and

Employment Act ("ADEA") and the New Jersey Law Against Discrimination

1

("NJLAD").[1] As the parties are familiar with the facts, we summarize them only briefly. Essentially, Dunleavy claimed that Defendants passed him over for employment as a high school math teacher in favor of less-qualified younger applicants.[2] Defendants moved for summary judgment, which the District Court granted. Dunleavy appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting summary judgment. See Podobnick v. U.S. Postal Service, 409 F.3d 584, 589 (3d Cir. 2005).

To analyze Dunleavy's claims under the ADEA and the NJLAD, we apply the familiar burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), modified slightly for age discrimination cases. See Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101, 1108 & 1114 n.5 (3d Cir. 1997) (en banc). In the McDonnell Douglas framework, a plaintiff must establish a prima facie case. See id. at 1108. A plaintiff claiming age discrimination in hiring must show (1) that the plaintiff, at 40 years or older, was a member of the protected class; (2) that the plaintiff applied for and was qualified for the job; (3) that the plaintiff was rejected despite his qualifications; and (4) that the employer ultimately filled the position with someone sufficiently younger to allow an inference of age discrimination. See Fowle v. C & C Cola, a Div. of ITT-

_____

[1] Dunleavy also brought, but later voluntarily dismissed, other claims against other parties.

[2] Dunleavy was 60 years old during the time in question. Defendants offered the teaching position to a 24-year-old, who accepted it, but later rescinded her acceptance. Defendants then hired another teacher who was 24 years old.

<u>Continental Baking Co.</u>, 868 F.2d 59, 61 (3d Cir. 1989). If a plaintiff establishes a prima facie case, the burden shifts to the defendants to articulate a legitimate, nondiscriminatory reason for the failure to hire. <u>See</u> <u>id.</u> If the defendants offer such a reason, the plaintiff then has the burden to show that the proffered reason was a pretext. <u>See</u> <u>id.</u> A plaintiff may show pretext directly by persuading the court that a discriminatory reason more likely motivated the employer, or indirectly by showing that the employer's proffered explanation is unworthy of credence. <u>See</u> <u>id.</u> at 62.

Defendants concede that Dunleavy satisfied the first, third, and fourth parts of the prima facie case. They argue that Dunleavy did not show that he was a qualified applicant for the teaching position. Considering the evidence in the light most favorable to the non-moving party, however, we agree with the District Court that Dunleavy showed that he was qualified. After all, he was highly-educated, held the requisite certification, and had teaching experience. Also, he was among those candidates singled out to sit for an interview and to give a demonstration lesson.

Although Dunleavy established a prima facie case of age discrimination, the Defendants met their burden to show a legitimate, nondiscriminatory reason for not hiring him. Defendants, in assessing factors to determine which candidate to hire, heavily weighted the quality of the demonstration lesson. (Appellees' App. at Da21.) Defendants asserted that Dunleavy's lesson was mediocre, citing, among other perceived shortcomings, his failure to engage students in the topic. (<u>Id.</u> at Da22.) Defendants contrasted Dunleavy's performance with the applicants ultimately hired. They deemed

3

both candidates' performances superior to Dunleavy's, finding favor with the teacher-student interactions, and the level of difficulty of the lesson plans. (Id. at Da23-Da24.)

Dunleavy did not show that Defendants' proffered reason was a pretext. To show pretext, Dunleavy relied (and continues to rely) on his argument that he was the superiorly qualified candidate.[3] However, he did not produce evidence of the other candidates' supposedly inferior qualifications. Nonetheless, whatever the strength of Dunleavy's résumé, Dunleavy did not undermine Defendants' assertion that they used other factors, including the strength of the candidates' practical teaching ability (as shown through the demonstration lessons) to make their ultimate hiring decision. Furthermore, Dunleavy did not present evidence to show that Defendants improperly, or even incorrectly, assessed his lesson as "mediocre."

---

[3] In the District Court, Dunleavy also argued that the proffered reason was pretextual because Defendants inquired into his employment status after the first candidate withdrew her acceptance. In addition, he claimed that Mount Olive School District disproportionately hired younger teachers, citing the Mount Olive hiring profile for the 2002-2003 school year as evidence. Dunleavy does not raise either of these issues on appeal, so we consider them waived. See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 192 (3d Cir. 2005). In his brief before us, as well as through his motion to supplement the record and his motion for contempt, Dunleavy tries to supplement the record and raise new issues and arguments on appeal, but he may not do so. See Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994). His motion to supplement and his motion for contempt are denied. We note that although Dunleavy requests us to hold one Defendant, as well as Defendants' counsel, in contempt, he points to no order of this Court that they violated. See John T. ex rel. Paul T. v. Delaware County Intermediate Unit, 318 F.3d 545, 552 (3d Cir. 2003) (holding that a valid court order is among the prerequisites to a contempt finding). To the extent that the parties responding to Dunleavy's motion for contempt request fees and costs, their request is denied. They have failed to provide any factual or legal basis for such an award.

4

In sum, we are not faced with the question whether Defendants made the best business decision; we consider only whether the real reason not to hire Dunleavy was discrimination. See Keller, 130 F.3d at 1109. We hold that the Dunleavy did not present evidence to show that Defendants' proffered reason was pretext for discrimination. Therefore, the District Court properly granted summary judgment in favor of Defendants. Accordingly, we will affirm.