**Harry DUNLEAVY, Appellant**

v.

**The State of NEW JERSEY; The New Jersey Division of Civil Rights; Rene Rovtar, individually; Lorraine Watson, individually; Susan Paletta, individually; J. Frank Vespa–Papaleo, individually; Sandra Alon; Steven Kramer; Rosalie Lamonte; Montville Board of Education; Montville Township.**

No. 07–1058.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 9, 2007.

Filed: Oct. 16, 2007.

Harry Dunleavy, Augusta, NJ, pro se.

Melissa T. Dutton, Office of Attorney General of New Jersey, Division of Law, Trenton, NJ, for Appellees.

Before: FISHER, ALDISERT and WEIS, Circuit Judges.

## OPINION

PER CURIAM.

Harry Dunleavy sued the State of New Jersey, the New Jersey Division of Civil Rights ("NJDCR"), Rene Rovtar (then Superintendent of Education for Morris County, New Jersey), Lorraine Watson (the manager of the NJDCR office in Paterson, New Jersey), Susan Paletta (a NJDCR investigator), and J. Frank Vespa–Papaleo (Director of the NJDCR).[1] Dunleavy purported to proceed under "the Civil Rights Acts, the No Child Left Behind Federal Act, the Age Discrimination Acts, the Freedom of Information Act (FOIA), and the Education Laws of the State of New Jersey." Supp.App. D01. He also cited 42 U.S.C. § 1983 and state law causes of action, including specific provisions of New Jersey statutes. *Id.* at D01, D05–D07.

As Dunleavy described them in his complaint, the events giving rise to his lawsuit began in 2002, when he applied for a position as a high school Mathematics teacher with the Mount Olive Board of Education ("Mount Olive"). Mount Olive allegedly passed him over for employment as a high school Mathematics teacher in favor of less-qualified younger applicants. In response, Dunleavy filed a complaint with the NJDCR. Watson dismissed the charge of discrimination. Dunleavy subsequently cited FOIA to request information from the NJDCR. The NJDCR initially ignored his requests, but then provided him with some information, which led him to believe that Rovtar had colluded with

---

1. The caption includes additional names of persons listed on the District Court docket, but those persons were neither named in Dunleavy's complaint nor served as defendants.

Mount Olive and NJDCR to deem legal Mount Olive's decision not to hire him. Dunleavy also took issue with Rovtar's decision to issue a substitute teaching licence to the candidate Mount Olive hired, and with Watson, Paletta, and Vespa–Papaleo's efforts to conceal the alleged illegality of Rovtar's action.

Defendants, as a group, moved to dismiss Dunleavy's complaint. Defendants argued that Dunleavy failed to state a federal claim and that the District Court should decline to exercise supplemental jurisdiction over the state law claims. Defendants also contended that collateral estoppel barred any claim under the Age Discrimination and Employment Act ("ADEA"), that the lack of a private right of action doomed any claim under the No Child Left Behind Act ("NCLBA"), and that the defense of qualified immunity served as alternative basis for rejecting any claims under 42 U.S.C. § 1983. Dunleavy first filed a motion for leave to amend his complaint (attaching a proposed amended complaint to his motion), and then submitted a response to Defendants' motion. After Defendants responded to the former and replied to the latter, the District Court ruled.

The District Court liberally construed Dunleavy's complaint as raising claims under the Civil Rights Acts of 1991 and 1964, 42 U.S.C. § 2000e; 42 U.S.C. § 1981; NCLBA, 20 U.S.C. § 6301; FOIA, 5 U.S.C. § 552; ADEA, 29 U.S.C. § 621; and 42 U.S.C. § 1983, and held that Dunleavy had failed to state a claim upon which relief can be granted. The District Court declined to exercise supplemental jurisdiction over Dunleavy's state law claims. The District Court also denied Dunleavy's motion for leave to amend his complaint, concluding that amendment was futile. Dunleavy appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir.2004). We review the dismissal of the state law claims pursuant to 28 U.S.C. § 1367(c) and the decision to deny leave to amend for abuse of discretion. *Cf. De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 311 (3d Cir.2003); *see Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir.2002). We agree with the District Court's characterization of Dunleavy's claims, and we will consider each claim in turn.

First, we agree with the District Court's decision to dismiss Dunleavy's claims under the "Civil Rights Acts." The Civil Rights Act of 1991 makes unlawful a failure or refusal to hire on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e–2(a). Dunleavy did not state a claim for an unlawful failure to hire in violation of the Civil Rights Act because he did not allege discrimination on the basis of race, color, religion, sex, or national origin. He claimed discrimination on the basis of age.

Any claim Dunleavy tried to bring under 42 U.S.C. § 1981 was appropriately dismissed for similar reasons. Section 1981 provides a remedy for discrimination on the basis of race, not age. 42 U.S.C. § 1981; *Al–Khazraji v. St. Francis College*, 784 F.2d 505, 514–518 (3d Cir.1986).

■ We also conclude that the District Court was correct in dismissing Dunleavy's NCLBA claims because he had no private right of action under the statute. Congress must create a private right of action before an individual may bring suit to enforce federal law. *See Alexander v. Sandoval*, 532 U.S. 275, 286, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001). "The judicial task is to interpret the statute Congress has

passed to determine whether it displays an intent to create not just a private right but also a private remedy." *Id.* Every court that has considered whether the NCLBA evidences the unambiguous, *see Gonzaga Univ. v. Doe,* 536 U.S. 273, 286, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002), intent to create a private cause of action has decided it does not. *See Alliance for Children, Inc. v. City of Detroit Pub. Schs.,* 475 F.Supp.2d 655, 658 (D.Mich.2007) (collecting cases). Under the sound analysis of the District Court, including its note of the relevant statutory enforcement provisions, we agree that Dunleavy does not have a private cause of action under the NCLBA.

The District Court also properly dismissed Dunleavy's FOIA claims. In establishing "a policy of openness toward information within [the federal government's] control," S.Rep. No. 110–59, at 1 (2007), FOIA obligated federal agencies to make their documents, records, and publications available to the public. *See* 5 U.S.C. § 552. FOIA does not impose a similar obligation on state agencies such as NJDCR, the entity Dunleavy charged with ignoring his requests for information. Accordingly, Dunleavy did not state a FOIA claim.

■ Dunleavy's ADEA cause of action was barred by issue preclusion.[2] Issue preclusion, formerly known as collateral estoppel, is appropriately invoked when "(1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against

whom the bar is asserted had a full and fair opportunity to litigate the issue in question." *Bd. of Trustees v. Centra,* 983 F.2d 495, 505 (3d Cir.1992). Dunleavy's ADEA claim is that he was not hired as a Mathematics teacher by Mount Olive on the basis of his age. However, Dunleavy presented and lost on this same ADEA claim in a prior lawsuit which was decided on the merits after he had a full and fair opportunity to litigate it. *See Dunleavy v. Mount Olive Twp.,* 183 Fed.Appx. 157 (3d Cir.2006) *(per curiam).* Accordingly, his ADEA cause of action could not proceed.

■ To the extent Dunleavy presented a claim under 42 U.S.C. § 1983 (rather than merely citing the statute), his § 1983 action could not proceed, either. Among other infirmities with his pleading, Dunleavy did not allege that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. Although he claimed that he did not get a job, Dunleavy did not have a property right in the teaching position that he sought. *Cf. Latessa v. New Jersey Racing Comm'n,* 113 F.3d 1313, 1318 (3d Cir.1997).

Because Dunleavy did not present actionable federal claims, the District Court did not abuse its discretion in declining to exercise jurisdiction over Dunleavy's state law claims. *See* 28 U.S.C. § 1367(c); *De Asencio,* 342 F.3d at 309.

We also hold that the District Court did not abuse its discretion in denying Dunleavy's motion for leave to amend his complaint because amendment would have been futile.[3] Leave to amend should be

---

2. Although the District Court considered different grounds for dismissal of the ADEA claims, we affirm, as we may, on an alternative basis supported by the record. *See Erie Telecomm. v. Erie,* 853 F.2d 1084, 1089 (3d Cir.1988).

3. Dunleavy could have amended his complaint once as a matter of course before a responsive pleading was served. *See* Fed. R.Civ.P. 15. Defendants' motion to dismiss was not a responsive pleading. *See, e.g., Centifanti v. Nix,* 865 F.2d 1422, 1431 n. 9 (3d

84

granted until amendment is futile or inequitable. *See Grayson*, 293 F.3d at 106. Amendment is futile if the amended complaint cannot withstand a renewed motion to dismiss. *See Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir.1988). In his proposed amendment, Dunleavy sought to add the New Jersey Attorney General and the New Jersey Department of Education as defendants. He largely presented the same claims as in his original complaint, but he also added allegations that the newly named Defendants concealed information from him and violated state and federal education laws to his detriment. As the District Court concluded, it appears that Dunleavy is complaining of perceived violations of the NCLBA and various state laws. In light of its contents, his amended complaint could not withstand a renewed motion to dismiss, as his original claims and his new NCLBA allegations would not state a claim upon which relief could be granted for the reasons given elsewhere in this opinion, and his state law claims would appropriately be dismissed pursuant to 28 U.S.C. § 1367(c). *See Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 195–96 (3d Cir.1976).

In sum, the District Court acted properly in dismissing Dunleavy's complaint and denying Dunleavy leave to amend. Accordingly, we will affirm the judgment of the District Court.

Cir.1989). However, because Dunleavy filed a motion to amend, we treat this case as one in which leave to amend was required. *See id.* at 1431.