

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-3-2009

# Jeffrey Walker v. Michael Zenk

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1570

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Jeffrey Walker v. Michael Zenk" (2009). *2009 Decisions*. Paper 1589.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1589

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1570

_____

JEFFREY A. WALKER,
                              Appellant

v.

WARDEN MICHAEL A. ZENK; CAPT. K. BITTENBENDER; DAVID M. RARDIN;
KATHLEEN HAWK-SAWYER; Lt. SANCHEZ; Lt. LITCHARD; GEORGE WATSON;
TERRY BAM; ROBIN GREGG

_____

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-01-cv-01644)
District Judge:  Honorable John E. Jones, III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 26, 2009

Before: BARRY, SMITH and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 3, 2009)

_____

OPINION

_____

PER CURIAM

Jeffrey A. Walker, a federal prisoner, filed a pro se Bivens[1] complaint in August 2001. Naming nine federal Bureau of Prisons ("BOP") employees as defendants, he advanced several causes of action. In particular, he alleged that Appellees' confiscation of his receipts and legal materials denied him access to the courts, apparently with respect to an underlying Federal Tort Claims Act ("FTCA") action for seizure and ownership of valuable personal property. He further claimed that Appellees violated his due process rights by planting a weapon in the legal documents he kept in his cell and providing false information at his prison disciplinary hearing.

Initially, although acknowledging that the complaint advanced two unexhausted claims, the District Court, ruling on the BOP employees' motion, dismissed the complaint in its entirety pursuant to the "total exhaustion" rule. Walker appealed. We held Walker's earlier appeal c.a.v. pending the Supreme Court's then-imminent consideration of the "total exhaustion" rule. After the Supreme Court issued its ruling in Jones v. Bock, 549 U.S. 199 (2007), we vacated the District Court's order and remanded for further proceedings. Our accompanying opinion noted that "[t]he Supreme Court held that an inmate's complaint under the PLRA should not be dismissed when the inmate exhausted his administrative remedies for some of his claims, but not all." We stated that the

[1]Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), is the federal counterpart to 42 U.S.C. § 1983. See Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004).

2

District Court therefore "should have considered the claims that were exhausted and dismissed only the unexhausted claims."

On remand, the District Court ordered Appellees to respond to Walker's exhausted confiscation and disciplinary hearing claims. They did so by filing a motion to dismiss and for summary judgment. Walker also moved for summary judgment and filed other motions for various forms of relief, including both joinder and leave to amend his complaint in order to add two more BOP employees as new defendants. The Magistrate Judge denied his motion to amend, and the District Court affirmed. The Magistrate Judge then addressed the remaining motions in a lengthy report and recommendation. He recommended that the motion for joinder be denied and the cross-motions for summary judgment be denied as premature. He also rejected Walker's contentions that the doctrine of res judicata somehow barred Appellees from seeking dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Magistrate Judge went on to recommend that the claims against five individual Appellees be dismissed for failure to allege personal involvement. He further believed that the due process claim arising out of the disciplinary hearing was barred by the Heck[2] doctrine because Walker lost 41 days of good conduct time as a disciplinary sanction and a favorable ruling as to the hearing would thereby imply that his sanction was invalid. Because one Appellee's personal involvement was limited to the due process claim, the Magistrate Judge recommended

---

[2]Heck v. Humphrey, 512 U.S. 477 (1994).

dismissing him from the case as well. However, the Magistrate Judge also recommended that Appellees' motion to dismiss be denied as to Walker's confiscation claim against the remaining three Appellees because Walker sufficiently alleged an actual injury or adverse action regarding his access to the courts. The Magistrate Judge did recommend the dismissal of any conspiracy claim arising out of the confiscation as well as the dismissal of Walker's claims for monetary damages against Appellees in their official capacities.

Both Walker and Appellees filed objections to the report and recommendation. On February 7, 2008, the District Court generally accepted the Magistrate Judge's recommendations, supplemented by its own analysis. Nevertheless, the District Court disagreed with the Magistrate Judge as to whether Walker's complaint adequately alleged a cognizable claim for denial of access to the courts. The District Court instead agreed with Appellees' argument that Walker failed to meet the "pleading standards" for alleging an actual injury resulting from the confiscation of his legal documents. The District Court added that, even if the claim satisfied the pleading requirements, it must still be dismissed because the alleged frustration of an FTCA or other tort suit did not implicate a prisoner's constitutional right to judicial access. Finding that amendment would be futile, the District Court dismissed the complaint with prejudice.

Walker appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting the motion to dismiss. See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). We consider the District Court's decision to

4

deny leave to amend for abuse of discretion.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

First, we note that Walker, conceding that the District Court's ruling under Heck was correct, no longer pursues his due process claim arising out of the disciplinary hearing.[3]  Appellant's Brief 25.  We agree with Walker that the District Court properly rejected his disciplinary hearing claim pursuant to the Heck doctrine because his loss of good conduct time affects the duration of confinement.  See, e.g., Edwards v. Balisok, 520 U.S. 641, 646-48 (1997).

However, we do not agree with Walker that the District Court erred by considering the motion to dismiss at all and disallowing his claims to proceed to trial in light of our earlier ruling in his case.  Contrary to his assertions, neither principles of res judicata nor the law of the case doctrine precluded the District Court's consideration of the motion to dismiss.  The first round of rulings from the Magistrate Judge, District Court, and our Court were concerned with the question of exhaustion and whether a "total exhaustion" rule existed and barred Walker's suit.  No court previously addressed Appellees' alternative grounds for relief, so there was no previous final decision on the merits for the purposes of res judicata, see Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155,

_____

[3]Also, Walker does not raise the issue of the dismissal of the complaint against some defendants for his failure to allege their personal involvement in the actions precipitating his due process and access to the courts claims.  Accordingly, this issue, like any other issue Walker did not include in his opening brief, is waived.  See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993)

172 (3d Cir. 2004), or a previous decision on one or more issues in the suit that served as relevant law of the case, see Hamilton v. Leavy, 322 F.3d 776, 786-87 (3d Cir. 2003). Appellees properly raised their alternative grounds for dismissal on remand, and the District Court properly chose to consider them.  See also 28 U.S.C. § 1915(e)(2)(B).

Walker next seeks to assign error to the District Court for dismissing, on sovereign immunity grounds, his claims against BOP employees in their individual capacities. However, the District Court applied the sovereign immunity bar to the claims Walker brought against the BOP employees in their *official* capacities.  The ruling was proper. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001); FDIC v. Meyer, 510 U.S. 471, 484 (1994); Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989).

Walker also argues that the District Court erred in ruling that he did not allege actual injury to meet the "pleading standards" for a claim of denial of access to the courts. To state his backward-looking access claim, Walker had to allege the underlying cause of action and its lost remedy as well as the official acts that frustrated his litigation. See Christopher v. Harbury, 536 U.S. 403, 413-18 (2002).  The District Court concluded that Walker did not sufficiently describe his claim or its frustration.   However, Walker did allege that Appellees' confiscation of his receipts and legal materials rendered him unable to prove his allegations or recover $300,000 in an FTCA action for the seizure and ownership of valuable personal property.  Nonetheless, as the District Court also noted, because Walker is a prisoner, "the injury requirement is not satisfied by just any type of

6

frustrated legal claim." Lewis v. Casey, 518 U.S. 343, 354 (1996). A prisoner must allege that official acts thwarted his non-frivolous challenge to his conviction or prison conditions. See id. at 356. Walker's tort claim falls into neither category of legal challenges.[4] Accordingly, he did not state a claim for denial of access to the courts. See also Oliver v. Fauver, 118 F.3d 117, 177-78 (3d Cir. 1997). The District Court did not err in dismissing his access claim.

We also hold that the District Court did not abuse its discretion in denying Walker leave to amend his complaint.[5] Leave to amend should be granted unless amendment is futile or inequitable. See Grayson, 293 F.3d at 106. Amendment is futile if the amended complaint cannot withstand a renewed motion to dismiss. See Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988). Undue delay, bad faith, and dilatory motive on the part of the plaintiff and prejudice to the defendant suggest inequity. See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Although Walker argues the contrary, there appears to be no way for him to cure the defects in his access claim. The

---

[4]From Walker's complaint, it is unclear if Walker brought his claim pursuant to the FTCA. He described it variously in documents in the District Court (and for the first time on appeal, Walker calls it a § 1983 action against state actors for illegal conversion of a property right). However, it is clear from the complaint and related documents that his action for the recovery of valuable property is not a suit about prison conditions or a challenge to his conviction.

[5]Walker, who argues that he should have been permitted to amend his complaint to cure any deficiencies, also claims that the District Court violated his right to due process in denying leave to amend. Upon review, we conclude that the District Court did not deprive Walker of any due process right.

claim against BOP employees in their official capacity would remain barred by sovereign immunity; and any interference with his tort claim could not be converted into a past injury that satisfies the test set forth in Lewis.

To the extent that Walker challenges the order denying his motion to amend, we conclude that the District Court did not abuse its discretion in issuing that order. As the District Court noted, Walker sought to raise new claims in 2007 that he could have included in the complaint at the time of its filing in 2001. He also sought to raise claims previously held to be unexhausted.[6] Walker also included allegations in his proposed amendment that would not survive a motion to dismiss.[7]

For the reasons given, the District Court properly dismissed Walker's complaint and denied him leave to amend. We will affirm the District Court's judgment.

---

[6]Walker does not challenge the earlier ruling that some of his claims were unexhausted.

[7]For instance, Walker wished to add two new defendants whom he accused of obstructing his access to the courts by "committing fraud" and intentionally mishandling his grievance relating to the confiscation of his legal documents. However, Walker cannot show the requisite injury for his access claim. The District Court, noting problems on both sides of the prison grievance process in Walker's case, concluded that Walker had exhausted his available remedies in relation to the confiscation claim, and ruled on it on the merits.