NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4775
_____

JOSEPH SZCZUREK,
individually, and on behalf of others similarly situated,
*Appellant*

v.

PROFESSIONAL MANAGEMENT INC.
d/b/a Financial Recoveries;
DOES 1 THROUGH 10, INCLUSIVE

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-14-cv-04790)

District Judge:  Honorable Stewart Dalzell
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 10, 2015

Before:  VANASKIE, SLOVITER, and RENDELL *Circuit Judges*.

(Opinion filed October 1, 2015)

———————————————

OPINION*

———————————————

SLOVITER, *Circuit Judge*.

Appellant, Joseph Szczurek, claims that a debt-collection letter he received from

Professional Medical Management, Inc., d/b/a Financial Recoveries ("PMM"), violated

the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. The

District Court granted PMM's motion for judgment on the pleadings. Szczurek appeals,

arguing that the letter violated Sections 1692e and 1692f of the FDCPA because it

created the false impression that the only way that he could prevent further contact from

PMM was to pay the debt. Because we agree with the District Court that PMM's

correspondence did not violate the FDCPA, we will affirm.

I.

On or about June 17, 2014, PMM sent to Szczurek a one-page letter notifying him

that it was attempting to collect a debt of $19.70 that he owed to Mercy Fitzgerald

Hospital. The text of the letter, in its entirety, stated:

> Mercy Fitzgerald Hospital has listed your past due account with this office
> for collection. To avoid further contact from this office regarding your past
> due account, please send the balance due to our office and include the top
> portion of this letter with your payment.

———————————————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

2

Payments can be made by check or credit card. If you wish to pay by credit card, complete and return the appropriate information on the reverse side of this letter. For prompt account resolution, credit and debit card payments can be made by accessing our automated interactive telephone system at **800-220-0260**. For your convenience, this system is available 24 hours a day, seven days a week. Please be advised that a transaction fee of $5.00 is charged on all credit card payments. This transaction fee is in addition to your actual payment and the fee will not be credited to your account.

If this debt is for medical services and you have insurance that may pay all or a portion of this debt, that information can be submitted by calling **800-220-0260** or by completing the information on the reverse side of this letter and returning the entire letter to this office.

**IMPORTANT CONSUMER NOTICE**

**Unless, within 30 days after receipt of this notice, you dispute the validity of the debt or any portion thereof, we will assume the debt to be valid. If, within 30 days after your receipt of this notice, you notify us in writing that the debt or any portion thereof is disputed, we will obtain a verification of the debt or, if the debt is founded upon a judgment, a copy of any such judgment, and we will mail to you a copy of such verification or judgment. If the original creditor is different from the creditor named above, then upon your written request within 30 days after the receipt of this notice we will provide you with the name and address of the original creditor.**

**This Company is a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose.**

(App. at 16.) Over the course of the following month, Szczurek received four more letters from PMM, each with language virtually identical to the first.

Szczurek filed a purported class action in the District Court alleging that PMM had violated Sections 1692e and 1692f of the FDCPA by sending correspondence that created the false impression that the only way to stop PMM from further contact was to pay the debt. Szczurek sought declaratory and injunctive relief, as well as damages, and

3

asked the court to certify a class of individuals who received correspondence from PMM indicating that the specified debt must be paid in order to avoid further contact.[1]

After filing its answer, PMM moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. PMM claimed that it was entitled to judgment as a matter of law because its correspondence fully complied with the FDCPA. The District Court agreed, granted the motion, and dismissed the complaint. Because the District Court found no violation of the FDCPA, it did not reach the question of class certification. This appeal followed.[2]

## II.

### A.

Our standard of review for a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is plenary. *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988). A motion for judgment on the pleadings based on a theory that the plaintiff failed to state a claim is reviewed under the same standards that apply to a motion to dismiss under Rule 12(b)(6). *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010). A district court may not grant judgment under Rule 12(c) "unless the movant clearly establishes that no material issue of fact remains to be

---

[1] In the complaint, Szczurek also alleged that PMM's correspondence violated Section 1692d of the FDCPA, which prohibits debt collectors from engaging in conduct that "harass[es], oppress[es], or abus[es] any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The District Court found that Szczurek did not allege any facts in his complaint to support a violation of this Section. Szczurek does not challenge this determination on appeal.

[2] The District Court had jurisdiction over this FDCPA proceeding pursuant to 28 U.S.C. §§ 1331 and 1337. This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

4

resolved and that he is entitled to judgment as a matter of law." *Jablonski*, 863 F.2d at 290 (internal quotation marks and citations omitted). In reviewing a decision granting a Rule 12(c) motion, we must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Society Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980) (internal quotation marks and citation omitted), *overruled on other grounds by Martin v. Wilks*, 490 U.S. 755 (1989). Whether language in a collection letter violates the FDCPA is a question of law. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353 n.2 (3d Cir. 2000).

At issue in this case are Sections 1692e and 1692f of the FDCPA. Section 1692e prohibits a debt collector, such as PMM, from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. We have explained that "[a] debt collection letter is deceptive where 'it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006) (quoting *Wilson*, 225 F.3d at 354). "[M]isstatements must be material to be actionable under [Section] 1692e." *Jensen v. Pressler & Pressler*, ---F.3d---, No. 14-2808, 2015 WL 3953754, at *2 (3d Cir. Jun. 30, 2015). Section 1692f prohibits a debt collector from using "unfair or unconscionable means" to collect a debt. 15 U.S.C. § 1692f.

"[L]ender-debtor communications potentially giving rise to claims under the FDCPA . . . should be analyzed from the perspective of the least sophisticated debtor." *Brown*, 464 F.3d at 454. This standard is lower than the standard of a reasonable debtor; thus, "[a] communication that would not deceive or mislead a reasonable debtor might

5

still deceive or mislead the least sophisticated debtor." *Id.* "We use the least sophisticated debtor standard in order to effectuate the basic purpose of the FDCPA: to protect all consumers, the gullible as well as the shrewd." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (internal quotation marks, citation, and alteration omitted). That said, we presume that even the least sophisticated debtor reads a collection notice with "a basic level of understanding and willingness to read with care." *Wilson*, 225 F.3d at 354-55 (internal quotation marks and citation omitted).

B.

Szczurek first argues that PMM's June 17, 2014 letter violates Section 1692e because the second sentence of the letter is "deceptive" and "misleading." That sentence, which the District Court referred to as the "contact sentence," states: "To avoid further contact from this office regarding your past due account, please send the balance due to our office and include the top portion of this letter with your payment." (App. at 16.) Szczurek contends that this sentence is deceptive because it is susceptible to two reasonable interpretations, only one of which is consistent with a debtor's rights under the FDCPA. He posits that while the contact sentence may be read as advising the debtor that *one way* to avoid further contact from PMM is to send the balance due, the "least sophisticated debtor" might also read it as stating that *the only way* to avoid further contact is to send the balance due. Szczurek asserts that the latter representation is false because a debtor can alternatively stop PMM from making further contact by either: (1) making a written request to the collector to cease communications, *see* 15 U.S.C. §

6

1692c(c);[3] or (2) disputing the debt, at which time the collector must cease collection efforts unless and until the debt is verified, *see id*. § 1692g(b).[4] Szczurek argues that

---

[3] Section 1692(c) provides:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—
>
> > (1) to advise the consumer that the debt collector's further efforts are being terminated;
> >
> > (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
> >
> > (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.
>
> If such notice from the consumer is made by mail, notification shall be complete upon receipt.

15 U.S.C. § 1692(c).

[4] Section 1692g(b) provides, in pertinent part:

> If the consumer notifies the debt collector in writing within the thirty-day period . . . that the debt, or any portion thereof, is disputed . . . , the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . , and a copy of such verification . . . is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period . . . unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed . . . . Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b).

PMM's correspondence was also "unfair" under Section 1692f because it misrepresents a consumer's legal rights.

We are not persuaded by Szczurek's arguments. First, we do not agree that the contact sentence, whether viewed alone or in context, creates the impression that the only way for the consumer to stop PMM from making further contact is to pay the specified balance. The clear import of the sentence is to inform the consumer that PMM will continue its collection efforts until successful—not to advise him of the FDCPA's various mechanisms for precluding collector contact. We think this evident to even the least sophisticated consumer. As we have previously emphasized, while the FDCPA serves to protect the least sophisticated debtor, "it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson*, 225 F.3d at 354-55 (internal quotation marks and citation omitted).

Furthermore, PMM has no obligation under the FDCPA to inform a consumer that he may ask PMM to cease further contact under Section 1692c(c). Szczurek states in his brief that he recognizes as much, and insists that he faults PMM not for failing to generally notify consumers that there are other ways to preclude further contact, but for affirmatively threatening further contact while providing only one way to avoid that contact. Because, contrary to Szczurek's contention, the letter did not suggest that there were no other ways to avoid that contact, we fail to see any wrongdoing here.

Lastly, we note that Section 1692g(a) explicitly identifies the information that a debt collector must include in a debt collection letter, such as the amount of the debt, the

8

name of the creditor to whom the debt is owed, and the procedures available to the consumer should he dispute the validity of the debt. 15 U.S.C. § 1692g(a). It is undisputed that PMM complied with this requirement, and we decline to hold a debt collector liable for failing to notify consumers of their rights above and beyond what is required by the FDCPA.

## III.

For the reasons set forth above, the District Court did not err in granting PMM's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Accordingly, we will affirm.