**Allan J. JABLONSKI, Appellant,**

**v.**

**PAN AMERICAN WORLD AIRWAYS, INC.**

**Nos. 88–1428, 88–1429 and 88–1586.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Nov. 28, 1988.

Decided Dec. 14, 1988.

---

Scott A. Bennett, Kathleen A. Barrett, Beasley, Casey, Colleran, Erbstein Thistle, Kline & Murphy, Philadelphia, Pa., for plaintiff-appellant.

Jonathan S. Ziss, Silverman & Coopersmith, Philadelphia, Pa., for defendant-appellee.

Before SEITZ, STAPLETON and COWEN, Circuit Judges.

## OPINION

SEITZ, Circuit Judge.

Appellant, Allan J. Jablonski, appeals from final orders entered in two civil actions granting defendant Pan American World Airlines, Inc.'s (Pan Am's) motions for judgment on the pleadings. Jablonski also appeals from the district court's order denying his motion to amend the original complaint in one of these actions. We have jurisdiction under 28 U.S.C. § 1291.

### I. FACTS

On January 24, 1984, Jablonski was a passenger on Pan Am's flight # 362 from Tampa, Florida to Newark, New Jersey and was injured when the aircraft made a rough landing in New Jersey. On January 31, 1986, over two years later, Jablonski filed a writ of summons against Pan Am in the Court of Common Pleas of Philadelphia County. On July 10, 1987, he filed a complaint ("the tort action") in that court alleging that his injuries were caused by Pan Am's negligence in landing the aircraft.

On January 22, 1988, within four years of the incident, Jablonski filed a second complaint ("the contract action") in the Court of Common Pleas alleging that Pan Am negligently breached its contract to provide due care during the flight. In both complaints, Jablonski sought only to recover damages for personal injuries, including physical injury, pain and suffering, mental anguish, medical expenses and lost wages. Pan Am filed an answer in each action alleging that the tort and negligent breach of contract claims were barred by Pennsylvania's two-year statute of limitations applicable to tort actions.

Pan Am subsequently removed both the tort and contract actions to federal court under the court's diversity jurisdiction, 28 U.S.C. § 1332. In both cases, Pan Am filed a Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings based on the statute of limitations defense.

In response to Pan Am's motion in the tort action, Jablonski filed a motion to amend the complaint to allege negligent breach of contract. The district court denied Jablonski's motion to amend in the tort action and granted Pan Am's motion for judgment on the pleadings in both cases. Jablonski's appeal, at No. 88–1428, of the order granting Pan Am's motion for judgment on the pleadings in the tort action was consolidated with his appeal, at No. 88–1429, of the order denying the motion to amend in the tort action. Jablonski also appealed, at No. 88–1586, the order granting Pan Am's motion for judgment on the pleadings in the contract action.

### II. DISCUSSION

On appeal, Jablonski contends that (A) the district court erred in granting Pan Am's motions for judgment on the pleadings because Jablonski's contract action was commenced timely under Pennsylvania's four year contract limitation period; and (B) the district court erred in denying the motion to amend the complaint in his tort action to state a contract claim.

#### A.

Our standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is plenary. Under Rule 12(c), judgment will not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Society Hill Civic Association v. Harris,* 632 F.2d 1045, 1054 (3d Cir.1980) (citation omitted). In reviewing the grant of a Rule 12(c) motion, we must "view the facts presented

in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.*

██ Jablonski contends that the district court erred in entering judgment on the pleadings because his contract action was commenced timely within Pennsylvania's four year limitation period applicable to contract actions, 42 Pa.C.S.A. § 5525.[1] According to Pan Am, Pennsylvania's two year tort limitation period, 42 Pa.C.S.A. § 5524(2), governs in these cases because Jablonski seeks damages for personal injuries. Pan Am contends that it is the nature of the relief requested, rather than the form of the pleading, which determines which statute of limitation will apply, citing *Spack v. Apostolidis*, 353 Pa.Super. 362, 363, 510 A.2d 352, 353 (1986); *Murray v. University of Pennsylvania Hospital*, 340 Pa.Super. 401, 404, 490 A.2d 839, 842 (1985).

The Supreme Court of Pennsylvania has recognized a cause of action against a common carrier for the breach of a contract of non-negligent carriage. *Griffith v. United Airlines, Inc.*, 416 Pa. 1, 5, 203 A.2d 796, 800 (1964). However, the Court in *Griffith* declined to address whether all the benefits and limitations normally attendant to a contract action, such as the extended limitation period, apply to actions alleging breach of contract of non-negligent carriage. *Id.* at n. 5.

Since the Supreme Court of Pennsylvania has yet to decide which limitation period applies to claims alleging breach of contract of non-negligent carriage, we must predict whether the Pennsylvania Supreme Court will apply the two or four year limitation period to such claims. In making our prediction, we may consider the pronouncements of state intermediate appellate courts as an indication of how the state's highest court will rule. *Adams v. Cuyler*, 592 F.2d 720, 725 n. 5 (3d Cir.1979).

In general, Pennsylvania's two year limitation period applies to actions brought solely to recover damages for injuries to the person, whether the action is brought in contract or tort.[2] *Peeke v. Penn Central Transportation Company, Inc.*, 403 F.Supp. 70, 62 (E.D.Pa.1975), *aff'd*, 538 F.2d 318, 320 (3d Cir.1976). Although the Pennsylvania Supreme Court has not addressed the issue, at least one intermediate appellate court in Pennsylvania has held that whether brought in contract or tort, "a suit for breach of nonnegligent carriage is brought for injuries wrongfully done to the person and falls within the bar of the 2–year statute of limitations for personal injuries." *Sykes v. Southeastern Pennsylvania Transportation Authority*, 225 Pa. Super. 69, 71, 310 A.2d 277, 279 (1973).

We have uncovered only one exception to the general rule that an action brought solely to recover damages for personal injuries must be commenced within the two year limitation period. A suit to recover damages for personal injuries arising from breach of warranty in the sale of goods must be commenced within the four year limitation period. *Gardiner v. Philadelphia Gas Works*, 413 Pa. 415, 197 A.2d 612 (1964).

However, the *Gardiner* exception is inapplicable in the instant cases because these cases involve negligent breach of contract, not breach of warranty. Therefore, the principles of liability which will govern in these cases are those of negligence, not breach of warranty or contract. *Griffith*, 416 Pa. at 5, 203 A.2d at 800. In holding that the four year limitation period applied to a personal injury claim arising from breach of warranty, *Gardiner* explicitly recognized that "a personal injury claim based upon a breach of warranty is a distinct claim from a personal injury claim based on negligence." 413 Pa. at 417, 197 A.2d at 614. *See also Sykes*, 255 Pa.Super. at 72 n. 1, 310 A.2d at 279 n. 1 (1973).

---

**1.** Jablonski tacitly concedes that the negligence claim originally alleged in his tort action is barred under the two year limitation period applicable to tort actions, 42 Pa.C.S.A. § 5524(2).

**2.** 42 Pa.C.S.A. § 5524(2) provides in part that "an action to recover damages for injuries to the person" must be commenced within two years.

Because the general rule in Pennsylvania is that claims for damages for personal injures must be brought within the two year limitation period and the only existing exception to that rule is inapplicable in these cases, we predict the Supreme Court of Pennsylvania would apply the two year limitation period to Jablonski's negligent breach of contract claims, to the extent he seeks damages for personal injuries. We believe the Superior Court's pronouncement in *Sykes* is an indication how the Pennsylvania Supreme Court would rule. Therefore, viewing the facts presented in the pleadings in the light most favorable to Jablonski, we find that both the tort and contract actions, to the extent they seek to recover damages for personal injuries, are time-barred because they were not commenced within the two year limitation period. Accordingly, we conclude that the district court did not err in granting Pan Am's motion for judgment on the pleadings.

### B.

■ We review the district court's order denying Jablonski's motion to amend the original complaint in the tort action for abuse of discretion. *Adams v. Gould, Inc.*, 739 F.2d 858, 863 (3d Cir.1984).

Jablonski contends that the district court abused its discretion in denying the motion to amend the negligence complaint because his proposed amendment, alleging Pan Am's negligent breach of contract, merely stated an alternative theory of recovery based upon the same set of facts.[3] Pan Am contends that the amendment would be futile because the two year limitation period would also bar Jablonski's amended claim for negligent breach of contract.

Under Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given, in the absence of circumstances such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss. *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir.), *cert. denied*, 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983).

Jablonski's proposed amendment would have alleged a negligent breach of contract claim which, for the reasons already stated, is barred under Pennsylvania's two year limitation period. Consequently, amendment of the original complaint in the tort action would have been futile because the amended complaint could not withstand a renewed motion for judgment on the pleadings. Therefore, we conclude that the district court did not abuse its discretion in denying the motion to amend.[4]

### III. CONCLUSION

In light of the foregoing, we will affirm the orders of the district court.

---

3. In his motion to amend the complaint, Jablonski sought only to change the theory of liability from tort to negligent breach of contract. The relief requested in the amended complaint is the same as the relief requested in the original complaint, that is, damages for personal injuries, including physical injury, pain and suffering, mental anguish, medical expenses and lost wages.

4. In light of our decision, we need not address Jablonski's contentions that the proposed amendment did not prejudice Pan Am and that the amendment would have related back, under Federal Rule of Civil Procedure 15(c), to the date the original tort action was instituted.