

Villanova University School of Law

**2008 Decisions**

Opinions of the United
States Court of Appeals
for the Third Circuit

7-23-2008

# Gray v. Pagano

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3433

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Gray v. Pagano" (2008). *2008 Decisions*. Paper 810.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/810

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3433
_____

PATRICIA R. GRAY;
PATRICK M.K. GRAY,

Appellants

v.

GEORGE A. PAGANO, IN HIS OFFICIAL CAPACITY AS JUDGE, COURT OF
COMMON PLEAS, DELAWARE COUNTY PENNSYLVANIA; JOSEPH F. MCGINN,
IN HIS OFFICIAL CAPACITY AS SHERIFF OF DELAWARE COUNTY,
PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-2810)
District Judge:  Honorable Edmund V. Ludwig

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 2, 2008

Before: RENDELL, JORDAN and ROTH, Circuit Judges

(filed: July 23, 2008 )
_____

OPINION
_____

PER CURIAM

Patricia and Patrick Gray appeal from an order of the United States District Court

for the Eastern District of Pennsylvania dismissing for lack of subject matter jurisdiction their complaint for declaratory and injunctive relief filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, we will affirm the District Court's dismissal of the complaint.

According to Plaintiffs' complaint, Thelma L. Gray, the mother-in-law of Plaintiff Patricia R. Gray and the grandmother of Patrick Gray, executed a note on September 25, 1998, in the amount of $100,800, secured by a mortgage of $15,000 in favor of First Union National Bank. On June 20, 2000, Thelma Gray conveyed the real property subject to the mortgage to "Thelma Lee Gray, T. Barry Gray and Patricia R. Gray, Husband and Wife." On February 26, 2001, an action in mortgage foreclosure was commenced in the Court of Common Pleas of Delaware County against the mortgage and a default judgment was entered against them. Subsequent efforts to open the judgment and to transfer title to the property to permit refinancing were unsuccessful.

On November 17, 2006, Court of Common Pleas Judge George A. Pagano entered an order to remove Patrick and Patricia Gray from ownership of the property and a sheriff's sale was scheduled for July 20, 2007. Thereafter, the Grays filed a complaint in the District Court for the Eastern District of Pennsylvania requesting a declaration that Judge Pagano was not authorized to nullify transfer of title to them, together with an order enjoining Sheriff McGinn from conducting the sheriff's sale. The District Court concluded that it lacked subject matter jurisdiction based on the Rooker-Feldman doctrine, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court

2

of Appeals v. Feldman, 460 U.S. 462 (1983), and dismissed the case against Judge Pagano. The Court also dismissed the allegations against Sheriff McGinn, concluding that they were barred by the doctrine of sovereign immunity. We will affirm on alternative grounds.

Under the doctrine of Younger abstention, federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances.[1] Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 437 (1982). There are three requirements which must be met before a federal court may properly invoke Younger abstention: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). These requirements are met. First, the Grays have filed an appeal in the Superior Court of Pennsylvania and, therefore, the case is ongoing. Cf. Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006) (finding Younger abstention did not apply because the state courts had reviewed the zoning board's ruling "extensively and with finality.") The third prong is met as Pennsylvania's appellate courts are an adequate forum for review of Plaintiffs' federal due process claims.

---

[1] Although not raised in the district court, abstention may be raised by this court sua sponte. O'Neill v. City of Phila., 32 F.3d 785, 786 n.1 (3d Cir. 1994) ("Even though the question of Younger abstention was not raised by the parties on appeal, we may consider it *sua sponte*.").

The second prong is also satisfied. In Schall, upon consideration of the second prong of Younger, we held that, where the other elements of the test are met, neither injunctive nor declaratory relief will be available "in cases in which the federal relief would render the state court's orders or judgments nugatory." 885 F.2d at 108. Plaintiffs' complaint requests a declaration that would nullify Judge Pagano's ruling that transfer of title was improper. Any relief that could be granted by the district court would directly impact Pennsylvania's interest in protecting the authority of its judicial system, as the relief would necessarily be predicated on a determination that Judge Pagano's ruling was wrongly decided. Were the district court to make this determination, it would in essence be "substitut[ing] itself for the State's appellate courts." Huffman v. Pursue, Ltd., 420 U.S. 592, 609 (1975).

> [I]nterference with a state judicial proceeding prevents the state not only from effectuating its substantive policies, but also from continuing to perform the separate function of providing a forum competent to vindicate any constitutional objections interposed against those policies. Such interference also results in duplicative legal proceedings, and can readily be interpreted 'as reflecting negatively upon the state courts' ability to enforce constitutional principles.'

Id. at 604 (quoting Steffel v. Thompson, 415 U.S. 452, 462 (1974)). Thus, the state proceeding implicates the important interest of preserving the authority of the state's judicial system.

Pursuant to Younger, the only basis for federal court interference is where one of four exceptions are met: (1) irreparable injury is both great and immediate; (2) the state law is flagrantly and patently violative of express constitutional prohibitions; (3) there is a

4

showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. Mitchum v. Foster, 407 U.S. 225, 230 (citing Younger v. Harris, 401 U.S. 37, 46-54 (1971)). None of these exceptions are present and, therefore, Younger abstention principles require the dismissal of the Grays' due process challenge to the default judgment entered against them.

To the extent that Plaintiffs seek a declaration that Judge Pagano violated the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA"), this alleged violation is one of state law, not federal law.[2] Although Plaintiffs generally allege due process violations, we do not construe the alleged misapplication of state law as violative of substantive federal due process. The Constitution does not guarantee that the decision of state courts shall be free from error, or require that pronouncements shall be consistent. Worcester County Trust Co. v. Riley, 302 U.S. 292 (1937). As explained by the Supreme Court in Engle v. Isaac, 456 U.S. 107, 121 n.21 (1982), "[w]e have long recognized that a 'mere error of state law' is not a denial of due process . . . . If the contrary were true, then 'every erroneous decision by a state court on state law would come [to the federal courts] as a federal constitutional question.'" (quoting Gryger v. Burke, 334 U.S. 728, 731 (1948)).

Plaintiffs also seek to enjoin Sheriff McGinn and/or the sheriff's department from

---

[2]Plaintiffs' complaint seeks "a declaratory ruling on whether the State Court order by defendant Pagano violated the PUFTA in removing them from ownership of the real property at 141 7th Ave., Folsom, PA 19033." (Compl. ¶ 43.)

conducting a Sheriff Sale of 141 7th Avenue, Folsom, PA 19033, which was scheduled for July 20, 2007. This claim is moot, as we are now eight months past the scheduled sale of the property. Plaintiffs request no other form of relief against Sheriff McGinn and, therefore, no case or controversy exists as the basis for invoking subject matter jurisdiction under Article III of the Federal Constitution. See Rendell v. Rumsfeld, 484 F.3d 236, 240-41 (3d Cir. 2007) ("The requirement that a case or controversy be actual and ongoing extends throughout all stages of federal judicial proceedings, including appellate review") (internal quotations and citation omitted). Even if the claim were not moot, it also appears that Sheriff McGinn's action of putting the Grays' property up for sale is protected by the doctrine of qualified immunity. See Carswell v. Borough of Homestead, 381 F.3d 235, 242 (3d Cir. 2004) (A defendant may be shielded from liability for civil damages if his actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known) (citing Hope v. Pelzer, 536 U.S. 730 (2002)).

Finally, the District Court did not abuse its discretion by failing to sua sponte grant leave to amend the complaint. Leave to amend should be granted unless amendment is futile or inequitable. See Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002). Amendment is futile if the amended complaint cannot withstand a renewed motion to dismiss. See Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988). As previously explained, the claim against Sheriff McGinn is now moot and

protected by qualified immunity. The Grays' remaining claims cannot be cured as they are precluded from review by the <u>Younger</u> abstention doctrine.

For the stated reasons, we will affirm the District Court's order dismissing the complaint.