**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3874
_____

CELIA D. CHEE-WAH,
                              Appellant

v.

HENRY MAURER, Director State of New Jersey Civil
Service Commission, Merit System Practices and Labor
Relations; NORA C. KOCH, Assistant Director, State
of New Jersey Civil Service Commission, Division of
State and Local Government, Division of State and Local
Government Operations; KELLY A. GLENN, Personnel
& Labor Analyst, State of New Jersey Civil Service Commission,
Merit System Practices and Labor Relations; MICHAEL
DETALVO; DEBORAH PINTO; JOHN CASTNER; DEBRA
EWALT; NEW JERSEY CIVIL SERVICE COMMISSION; NEW
JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-11-cv-06438)
District Judge:  Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 1, 2016

Before:  VANASKIE, SCIRICA and FUENTES, Circuit Judges

(Opinion filed:  October 6, 2016)

_____

OPINION*

_____

PER CURIAM

Appellant Celia D. Chee-Wah appeals the dismissal of her Second Amended

Complaint based on a Fed R. Civ. P. 12(c) motion for judgment on the pleadings. We

will affirm.

I.

Chee-Wah, a New Jersey Department of Environmental Protection ("DEP")

employee, filed this action after being denied a promotion by the New Jersey Civil

Service Commission ("CSC"). Chee-Wah had requested that the CSC conduct a

"classification review" of her position to determine whether her actual job responsibilities

met or exceeded the job title she was assigned. Chee-Wah believed that the result would

be a promotion to a higher job classification. The CSC conducted an audit and concluded

that Chee-Wah was not performing the duties of a higher job classification.

Chee-Wah filed an administrative appeal with the CSC.[1]  Soon thereafter, Chee-

Wah filed a Charge of Discrimination with the United States Equal Employment

Opportunity Commission ("EEOC"), asserting that the DEP discriminated and retaliated

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.
[1] Chee-Wah argued that, mere days before her results were complete, a longstanding job
description was changed. Chee-Wah alleged that the CSC's decision was based on the
new job specification and that she would have been promoted under the old one.

2

against her based on race by denying her the promotion. The EEOC was unable to conclude a violation of rights had occurred and notified Chee-Wah of her suit rights. Nine months later, the CSC issued a final decision denying Chee-Wah's administrative appeal and concluding that she had been properly classified in her existing job title.[2]

On November 2, 2011, Chee-Wah filed this action against the CSC and its employees - Henry Maurer, Nora C. Koch, and Kelly Glenn, who were involved in the classification review - and the DEP and its employees - Michael DeTalvo, Deborah Pinto, John Castner, and Debra Ewalt, who were Chee-Wah's supervisors. With the District Court's permission, Chee-Wah filed two Amended Complaints, the second of which alleged seven counts against the Appellees.[3] Counts One, Two, and Three alleged Title VII race and gender discrimination claims. Counts Four, Five, and Six were pendent state law claims for breach of fiduciary duty, bad faith, and breach of the New Jersey Law Against Discrimination, respectively. Finally, Count Seven alleged that the

---

[2] The CSC also noted its view that Chee-Wah's classification review was made pursuant to the old job specification, so any argument she had regarding lack of notice of the new job specification or prejudice arising therefrom was without merit. The CSC concluded that Chee-Wah was not entitled to direct notice of a change in the job specification of the title she was seeking; rather, the CSC stated that it only needed to provide notice of job specification modification requests to certain union representatives. Chee-Wah did not appeal the CSC's final agency decision to the Appellate Division of the New Jersey Superior Court, as was her right.

[3] Chee-Wah moved the District Court for leave to file a Third Amended Complaint to add three more state employees as defendants. The Magistrate Judge denied the motion, and Chee-Wah did not seek District Court review.

CSC and its employees violated Chee-Wah's due process rights under the Fourteenth

Amendment of the United States Constitution and the New Jersey Constitution.[4]

On November 1, 2013, Appellees filed a motion for judgment on the pleadings.

District Judge Peter Sheridan held that the Eleventh Amendment barred all claims for

damages against Appellees and granted Appellees' motion with respect to the claims for

damages as to all counts. The court narrowed the remaining issue to "whether or not

injunctive relief was appropriate" on any of the seven counts. D.N.J. Case No. 11-6438,

Docket No. 71 (Sheridan Hearing Tr.) at 39-40. Appellees filed a second motion for

judgment on the pleadings as to the remaining claims for injunctive relief on April 24,

2015.[5] On October 28, 2015, the District Court granted the motion.[6] The District Court

first held that Chee-Wah failed to set forth sufficient facts in her Second Amended

Complaint to support a Title VII claim of discrimination based upon race or gender and,

therefore, dismissed with prejudice claims for injunctive relief contained in Counts One,

Two, and Three.[7] Next, the court held that Appellees were entitled to Eleventh

Amendment immunity on Counts Four, Five, and Six. Finally, the court held that Count

---

[4] Chee-Wah sought damages and injunctive relief (i.e., promotion) for all seven counts.
[5] On September 23, 2015, Judge Sheridan recused himself and the case was reassigned to District Judge Michael A. Shipp.
[6] The District Judge held oral argument and gave his reasons for granting the motion on the record.
[7] Judge Shipp based this ruling on a ruling that Judge Sheridan had previously made on the record. See App. at 150 (Shipp Hearing Tr. p. 3).

4

Seven should be dismissed because Chee-Wah did not have a property interest in her job title reclassification. Chee-Wah now appeals.[8]

## II.

We review the grant of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) under a plenary standard. Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290 (3d Cir. 1988). In reviewing a decision granting a Rule 12(c) motion, we must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Society Hill Civic Ass'n v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980) (internal quotation marks and citation omitted), overruled on other grounds by Martin v. Wilks, 490 U.S. 755 (1989).

As an initial matter, the District Court properly dismissed the Title VII claims contained in Counts One through Three. Chee-Wah's Second Amended Complaint falls far short of alleging facts that could support a prima facie case for a Title VII claim. Indeed, Chee-Wah merely alleged that (a) she was an African American woman and (b) she was qualified for a promotion. This is insufficient to make out a discrimination or retaliation claim. She did not even aver that there was a higher position actually available or that someone else was actually promoted instead of her. We agree with the District Court that, although these Counts reference "disparate treatment," there are simply "no

---

[8] Chee-Wah was represented by counsel during the pendency of this action in the District Court. She pursues this appeal pro se.

race or gender allegations to support [Chee-Wah's] theory of the case." Sheridan Hearing Tr. at 34.

The District Court also correctly dismissed Counts Four through Six on the basis of Eleventh Amendment immunity. As the District Court recognized, the Eleventh Amendment of the U.S. Constitution protects a state or state agency from a suit brought in federal court by one of its own citizens regardless of the relief sought, unless Congress specifically abrogates the state's immunity or the state waives its own immunity. MCI Telecom. Corp. v. Bell Atl.-Pa., 271 F.3d 491, 503-04 (3d Cir. 2001); Edelman v. Jordan, 415 U.S. 651, 663 (1974). The Eleventh Amendment precludes both legal and equitable relief. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984). There is an exception to Eleventh Amendment sovereign immunity for prospective injunctive declaratory relief to end continuing violations of federal law, see Ex Parte Young, 209 U.S. 123 (1908), but it does not apply to pendent state law claims. See Pennhurst, 465 U.S. at 121-22. Here, Counts Four through Six all arise under New Jersey law and the Ex Parte Young exception to Eleventh Amendment immunity is, therefore, not applicable.

Finally, while injunctive relief might be available on Count Seven, we agree that the District Court properly dismissed it on other grounds. The Fourteenth Amendment prohibits state deprivations of life, liberty, or property without due process of law. Robb v. City of Philadelphia, 733 F.2d 286, 292 (3d Cir. 1984). "Application of this prohibition requires a familiar two-stage analysis: we first must ask whether the asserted

6

individual interests are encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property'; if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'" Id. (citing Bd. of Regents v. Roth, 408 U.S. 564, 569-72 (1972)). To have a property interest in a benefit that is protected by procedural due process, such as a job title, "a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Roth, 408 U.S. at 577; Latessa v. N.J. Racing Comm'n, 113 F.3d 1313, 1318 (3d Cir. 1997). Property interests are generally created and defined by state law sources. Roth, 408 U.S. at 577.

Chee-Wah argues that under the New Jersey Supreme Court case of Peper v. Princeton University Board of Trustees, 389 A.2d 465, 476 (N.J. 1978), she has a property right in the promotion to a higher job classification.[9] We disagree and concur with the District Court that the observation contained in Peper has been limited by subsequent decisions. See, e.g., Grimes v. City of East Orange, 666 A.2d 613, 618 (N.J. Super. Ct. App. Div. 1995) (explaining that the fact alone that plaintiff had the right to apply for and be considered for a job is not enough to trigger a federal property right); Crowell v. Transamerica Delaval, Inc., 502 A.2d 573, 574 (N.J. Super. Ct. Law Div.

---

[9] Peper, a case concerning sex discrimination, held that "[i]n New Jersey, the right to obtain gainful employment and to use the fruits of such labor to acquire property has traditionally been considered basic. The common law has long recognized as a part of the boasted liberty of the citizen the right of every man to freely engage in such lawful business or occupation as he himself may choose, free from hindrance or obstruction by his fellow-men . . . ." Peper, 389 A.2d at 476.

1984) (concluding that for an individual to have a property interest, such person must have more than a unilateral expectation of employment); <u>Nicoletta v. N. Jersey Dist. Water Supply Comm'n</u>, 390 A.2d 90, 94-95 (N.J. 1978) (holding there must be an "entitlement" to the employment at issue).  We agree with the District Court that the crux of the analysis, therefore, is whether Chee-Wah had any actual *entitlement* to the higher job classification or whether the DEP had discretionary authority in deciding whether or not to promote her.  As the District Court aptly noted, Chee-Wah sought promotion under N.J. Admin. Code 4A:3-3.9.  Under this provision, however, if the appointing authority finds that the employee is performing duties above her position, it has discretion to either (a) promote the employee to the higher classification *or* (b) remove the higher level duties (and keep the employee at her current classification).  N.J.A.C. 4A:3-3.9(c)(4), (5) (2016).  Accordingly, because of this inherent discretionary authority, Chee-Wah did not have the requisite level of entitlement in the promotion to have a valid property interest for Fourteenth Amendment purposes.

III.

For the foregoing reasons, we will affirm the District Court's judgment.