DLD-056                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3628
_____

NATHANIEL JACKSON,
Appellant

v.

SUPERINTENDENT GREENE SCI; JOHN DOE #1;
LT. JOHN DOE #2; WEXFORD MEDICAL CORRECTIONAL;
JOHN & JANE DOES #3; JOHN & JANE DOES #4;
JOHN & JANE DOES #5; BYANAHAK JIN, M.D.;
CORRECTIONAL OFFICER CARTER; LT. JOHN DOE #6
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-15-cv-00457)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 1, 2016

Before:  CHAGARES, VANASKIE and KRAUSE, Circuit Judges

(Opinion filed: December 13, 2016)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Nathaniel Jackson appeals the District Court's order granting Defendants' motion for summary judgment and motion for judgment on the pleadings and dismissing his claims. Jackson is an inmate at S.C.I. Greene and is proceeding pro se and in forma pauperis. Because the appeal presents no substantial question, we will summarily affirm.

Jackson filed an Eighth Amendment deliberate indifference claim pursuant to 42 U.S.C. § 1983 against prison staff, administrators, and a doctor, and a negligence claim under Pennsylvania state law against a doctor and health service provider after allegedly receiving inadequate medical treatment for a broken finger. Defendants moved for summary judgment on the Eighth Amendment claim, arguing that Jackson failed to exhaust his administrative remedies, and moved for judgment on the pleadings on the negligence claim. The Magistrate Judge recommended that both motions be granted. After considering Jackson's objection, the District Court adopted the Magistrate Judge's report and recommendation and granted Defendants' motion for summary judgment and motion for judgment on the pleadings. Jackson timely appealed.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's decision to grant summary judgment and judgment on the pleadings. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998); Ehrheart v. Verizon Wireless, 609 F.3d 590, 593 n.2 (3d Cir. 2010). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine dispute as to any material fact and

2

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Judgment on the pleadings is appropriate if "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290 (3d Cir. 1988) (internal quotations omitted); Fed. R. Civ. P. 12(c). We review the facts in a light most favorable to the nonmoving party. Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993).

The motion for summary judgment was properly granted as to Jackson's Eighth Amendment claims because he failed to exhaust his available administrative remedies. An inmate must exhaust all available administrative remedies before seeking relief under § 1983. 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 532 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006). Prison grievance procedures are administrative remedies for this purpose. Concepcion v. Morton, 306 F.3d 1347, 1348-49 (3d Cir. 2002). "Failure to exhaust administrative remedies is an affirmative defense that must be pled and proven by the defendant[s]." Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

Defendants asserted that Jackson failed to exhaust his available administrative remedies because he did not provide complete documentation for his grievances upon request, as required by S.C.I. Greene's grievance policy. In support, Defendants submitted the entire file relating to Jackson's grievances. These submissions show that

3

Jackson did not submit a copy of his initial grievance during his appeal and that he was informed that he could request a copy through the facility grievance coordinator. Jackson failed to do so, and therefore did not properly comply with the procedural deadlines and rules. See Woodford, 548 U.S. at 90. Accordingly, Defendants have demonstrated that Jackson failed to exhaust his administrative remedies, and summary judgment was therefore properly granted.

Defendants' motion for judgment on the pleadings as to Jackson's negligence claims was also properly granted. Jackson had to file a certificate of merit within sixty days of filing his medical negligence claim. See Pa. R. Civ. P. 1042.3(a). Jackson did not file the certificate, despite being notified by Defendants of the requirement. See Schmigel v. Uchal, 800 F.3d 113, 124-25 (3d Cir. 2015) (holding plaintiff must receive thirty days' notice of the Rule 1042.3(a) certificate of merit requirement before the right to dismiss an action for medical negligence vests). In his objections below, Jackson attempted to excuse his failure to file the certificate of merit by noting that the Magistrate Judge ordered that Defendants' separate motion to dismiss for failure to state a claim be held in abeyance pending outcome of the motion for summary judgment. While Jackson is correct in this regard, the order to hold in abeyance is irrelevant and does not excuse his failure to file the certificate because (1) Defendants filed a separate motion for judgment on the pleadings well after this order, which is what the District Court considered and (2) the order that Jackson attempts to use as excusing his failure to file

4

was still entered well after the sixty-day time frame to file the certificate of merit had passed. Therefore, the negligence claim was properly dismissed on the pleadings.