**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 16-2753

———————

RUBEN MARTINEZ,
                                    Appellant
v.

CAPITAL ONE, N.A.

———————————————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-15-cv-00266)
District Judge: Honorable Jose L. Linares

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2016
Before:  CHAGARES, KRAUSE and ROTH, Circuit Judges

(Opinion filed: January 4, 2017)

———————

OPINION*

———————

PER CURIAM

	Pro se appellant Ruben Martinez appeals from an order of the United States

District Court for the District of New Jersey dismissing his Second Amended Complaint

under Federal Rule of Civil Procedure 12(b)(6).  We will affirm.

———————————————————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2007, Martinez executed a mortgage agreement and accompanying promissory note with GreenPoint Mortgage Funding (GMF), in connection with Martinez's purchase of a residential property in New Jersey. Martinez filed this action in 2015, apparently after foreclosure proceedings were initiated on the property, claiming that GMF "knowingly, liberally, [and] greedily . . . sold [him] a deceptive loan product." The gravamen of Martinez's complaint is that Capital One – the alleged holder of the note[1] – caused his loan to be securitized,[2] and subsequently sold, without first advising him. He alleges breach of contract, fraud, and intentional infliction of emotional distress.

On March 1, 2016, the District Court granted Capital One's motion to dismiss Martinez's Amended Complaint, but permitted him to re-plead. After Martinez filed a Second Amended Complaint, which the Court found "rehashe[d] the exact same allegations as the previously dismissed complaint," the Court dismissed Martinez's Second Amended Complaint with prejudice and directed the clerk to close the case. This timely appeal ensued.

We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's dismissal under Rule 12(b)(6) using the same test applied by a district court – asking whether the complaint contains "sufficient factual matter; accepted as true; to state a

_____

[1] Martinez merely "believes that [GMF] sold its interest in the Loan[,] [with] Defendant [Capital One] serving as the Loan Service and not the Owner of the Loan." Capital One represented in its motion to dismiss that "GMF is the holder of the Note and Mortgage and that the Note and Mortgage were never transferred" to Capital One. We need not resolve this factual dispute because Martinez's claims fail either way.

[2] "Securitization is a process by which expected payment streams are pooled together and restructured into securities, which are then sold to investors." In re Oakwood Homes Corp., 356 F. App'x 622, 624 (3d Cir. 2009)

claim to relief that is plausible on this face." Fantone v. Latini, 780 F.3d 184, 186-193 (3d Cir. 2015) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). We agree with the District Court that Martinez's original Amended Complaint contains insufficient allegations to survive Capital One's motion to dismiss. And because the District Court accurately found that the Second Amended Complaint merely re-asserted the allegations contained in the original,[3] it properly dismissed the Second Amended Complaint without providing Martinez another opportunity to amend. See Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988) ("Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss.").

Martinez claims that Capital One breached the terms of the mortgage agreement "by failing to notify [him] of the change in ownership of the Note and Mortgage," and by failing to "record the transfer of Plaintiff's Loan in the County records." But as the District Court observed, the mortgage agreement specifically authorizes the sale of the note without notice to Martinez, and he fails to identify any contractual provision, or statute, that requires the recordation of any such sales or transfers.[4] Martinez's fraud in the concealment claim – in which he alleges that, had Capital One informed him that the loan was securitized, he "would not have entered into the Loan and would have rescinded

---

[3] As the Court observed, the only difference between the two complaints is that the Second Amended Complaint contains three additional paragraphs in the "Introduction" section, which primarily update the procedural history of the case.

[4] In addition, as the District Court accurately noted, "[t]he fact that assignments of mortgages may be recorded does not affect the validity of an assignment of a mortgage which has not been recorded." EMC Mortgage Corp. v. Chaudhri, 946 A.2d 578, 588 (N.J. Sup. Ct. App. Div. 2008).

it from the time of origination" – fails for essentially the same reason. The mortgage agreement unambiguously informs him of the possibility of securitization,[5] and thus he cannot credibly claim that Capital One misrepresented this possibility.

Lastly, the District Court properly dismissed Martinez's claim for emotional distress because he failed to allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Taylor v. Metzger, 706 A.2d 685, 703 (N.J. 1998) (internal citations and quotations omitted). The factual allegation underlying this claim – that Capital One "knowingly and recklessly misrepresented . . . that it was entitled to exercise the power of sale provision [foreclosure] contained in the Mortgage" – does not meet the applicable standard. Accordingly, we will affirm the order of the District Court.[6]

---

[5] The agreement provides that "the note or a partial interest in the note (together with this Instrument and the other Loan Documents) may be sold one or more times without prior Notice to the Borrower."

[6] In his pro se brief submitted to this Court, Martinez contends, for the first time in this litigation, that he is entitled to quiet title to the mortgaged property. We decline to address this claim because "[a]s a general rule we do not review issues raised for the first time at the appellate level." Gardiner v. Virgin Islands Water & Power Auth., 145 F.3d 635, 646–47 (3d Cir. 1998) (internal quotations omitted).