ALD-051                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2872
_____

ROBERT A. WOLTER,
                        Appellant

v.

MICHAEL R. LOVETT;
TRACEY ANNE AGNEW;
JAMES M. DONNELLY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:20-cv-20341)
District Judge:  Honorable Brian R. Martinotti

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 15, 2022
Before:  HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: January 18, 2023)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Robert A. Wolter, a prisoner proceeding pro se and in forma pauperis, appeals from the District Court's denial of his motion to amend his complaint. We will summarily affirm.

Wolter, proceeding in forma pauperis, filed suit under 42 U.S.C. § 1983 against Michael R. Lovett, an FBI agent, and other defendants, relating to his arrest for bulk cash smuggling. In his third amended complaint, he sued Lovett only for unlawful arrest and false imprisonment. Dkt. No. 16 at 3-5. Wolter, who is currently detained at a county correctional center in North Dakota, was questioned and arrested by Lovett the day after he was temporarily detained at Newark Liberty International Airport for possessing more than $10,000 in cash. Dkt. No. 16 at 2-3.

The District Court screened his third amended complaint pursuant to 28 U.S.C. § 1915(e)(2). The District Court concluded that Wolter had failed to state a claim against Lovett but dismissed the claims against him without prejudice, providing Wolter leave to submit an amended complaint to cure the third amended complaint's deficiencies. Dkt. No. 17 at 5-6. Wolter then filed a motion to amend his complaint, in which he included his proposed fourth amended complaint. Dkt. No. 19 at 12-19.

On September 14, 2022, the District Court denied Wolter's motion to amend, ruling that the filing of the fourth amended complaint would be futile. In particular, the District Court concluded that Wolter still failed to state a claim, having provided no

2

additional facts that would change the Court's previous analysis. Dkt. No. 20 at 7-8. Wolter filed this timely appeal.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of leave to amend for abuse of discretion and review de novo its determination that amendment would be futile. U.S. ex rel. Schumann v. Astrazeneca Pharmaceuticals L.P., 769 F.3d 837, 849 (3d Cir. 2014). Upon review, we will affirm because no substantial question is presented on appeal. See 3d Cir. L.A.R. 27.4.

The District Court did not abuse its discretion in denying Wolter's motion to amend his complaint, because his proposed amended complaint did not dispute the facts—that Wolter himself had alleged—supporting the finding that Lovett indeed had probable cause to arrest and subsequently detain Wolter for bulk cash smuggling. The federal criminal offense of bulk cash smuggling is committed when someone "knowingly conceals more than $10,000 in currency" and "attempts to transport . . . such currency . . . from a place within the United States to a place outside of the United States." 31 U.S.C. § 5332(a)(1). Here, Wolter reported to airport officials that he was carrying $6,000 before attempting to board an international flight. Dkt. No. 16 at 2-3. Officials, however, found more than $10,000 is Wolter's own bags and wallet. Dkt. No. 16 at 2-3. Lovett, having knowledge of these facts, questioned and arrested Wolter the next day. Dkt. No. 16 at 3; see Harvard v. Cesnalis, 973 F.3d 190, 199-200 (3d Cir. 2020) (explaining that, to make a claim for false arrest, a plaintiff must establish that there was

3

an arrest and it was made without probable cause, which exists if there is a "'fair probability' the person committed the crime at issue") (citation omitted); id. (explaining that an arresting officer must have knowledge sufficient "to warrant a reasonable person to believe that an offense has been . . . committed by the person to be arrested" to constitute probable cause); Groman v. Twp. Of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995) ("[A]n arrest based on probable cause [can]not become the source of a claim for false imprisonment."). The proposed amended complaint merely further described the circumstances under which Wolter was arrested and commented on Lovett's behavior during the arrest and subsequent detainment.[1] Dkt. No. 19 at 6-10. Thus, Wolter did not cure the deficiencies in his third amended complaint identified by the District Court, so any further amendment would have indeed been futile. See Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988) (explaining that "[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss").

---

[1] To the extent Wolter's proposed fourth amended complaint alleged that Lovett violated the Sixth and Fourteenth Amendments, Dkt. No. 19 at 9-10, the District Court did not abuse its discretion in denying Wolter's motion to amend his complaint because Wolter failed to state a claim under these amendments, see United States v. Gouveia, 467 U.S. 180, 187 (1984) (explaining that the Sixth Amendment right to counsel "attaches only at or after initiation of adversary judicial proceedings against the defendant"); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that an allegation in the complaint that conduct was motivated "solely on account of religion, race, and/or national origin" was conclusory and "not entitled to be assumed true").

Accordingly, we will affirm the judgment of the District Court.