**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2411
_____

JONATHAN VALENTIN,
                                        Appellant

v.

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF LABOR AND INDUSTRIES

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-00629)
District Judge:  Honorable Nitza I. Quiñones Alejandro

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 5, 2025

Before: SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: March 17, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jonathan Valentin appeals pro se from an order of the District Court dismissing his civil complaint with prejudice. For the following reasons, we will affirm.

Valentin filed his initial complaint against the Commonwealth of Pennsylvania Department of Labor and Industries ("PA DOL"), its "Deputy Chief Council (sic)," and the North Philadelphia PA Career Link Office ("CareerLink"), seeking redress for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. and the Pennsylvania Human Relations Act (PHRA), 43 Pa. Cons. Stat. §§ 951-963. On his complaint form, he checked slots indicating that he was discriminated against on the basis of his race (Hispanic) and national origin (Puerto Rico). He also indicated that the discriminatory conduct included a failure to hire, failure to stop harassment, unequal terms and conditions of employment, and retaliation. In an order entered February 21, 2024, the District Court granted Valentin's motion to proceed in forma pauperis (IFP), and sua sponte dismissed the complaint with prejudice against "Deputy Chief Council" and without prejudice against the other defendants for failure to state a claim for relief. See 28 U.S.C. § 1915(e)(2)(B)(ii). The order provided Valentin with leave to amend within 30 days.

Valentin filed a 242-page amended complaint solely against the PA DOL, alleging the same discriminatory conduct (minus failure to hire) under the same statutes. That complaint was dismissed without prejudice at screening for failure to state a claim for relief pursuant to § 1915(e)(2)(B)(ii) and for failure to provide a short plain statement of the claims as required by Federal Rule of Civil Procedure 8. The District Court specifically noted that Valentin's allegations were conclusory and insufficient to state a

2

plausible claim for discrimination against the PA DOL. Valentin was again provided leave to file an amended complaint. He was advised that he must present a clear narrative explaining the "who, what, where, and why" of his discrimination claims, and that he could not rely on his exhibits to state the substance of his claims. ECF No. 19 at 10 (citation omitted).

Valentin filed a second-amended complaint against "PA DOL, et al." The District Court determined that the amended complaint failed to cure the deficiencies of the first two, and dismissed the matter with prejudice. Valentin appeals.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. To the extent the District Court dismissed the complaint for failure to state a claim pursuant to § 1915(e)(2)(ii), we exercise plenary review, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and to the extent its dismissal was for failure to comply with Rule 8, we review for abuse of discretion, see In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The complaint "must not be 'so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by [Fed. R. Civ. P. 8].'" Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008) (quoting Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

It is difficult to discern Valentin's claims. The bulk of his allegations seem to be directed at Pennsylvania CareerLink, an initiative of the PA DOL offering career services

3

to Pennsylvania employers and potential employees.  See ECF No. 30 at 60.  As the District Court noted, Valentin's claims appear to be based on 42 U.S.C. § 2000e-2(b), a provision of Title VII which makes it unlawful for an employment agency "to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin, or to classify or refer for employment any individual on the basis of his race, color, religion, sex, or national origin."[1]

We agree with the District Court that the complaint is wholly insufficient to state a plausible employment discrimination claim.  As the District Court more fully explained, the allegations in the complaint are vague and conclusory, and, even taken as true and viewed with the exhibits, are insufficient "to raise a reasonable expectation that discovery will reveal evidence" that PA DOL, or its initiative CareerLink, is liable for misconduct under § 2000e-2(b) or the PHRA.  Connelly v. Lane Const. Corp., 809 F.3d 780, 789 (3d Cir. 2016); see also Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) ("a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents"); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

---

[1] As used in the statute, the term "employment agency" includes any governmental agency "regularly undertaking with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer."  42 U.S.C. § 2000e(a), (c).  For purposes of evaluating the complaint, we assume this includes CareerLink.

Briefly, Valentin claimed that he "enrolled" with CareerLink in April 2016 for vocational training and job placement. He claimed that he "began to experience harassment and discrimination in late 2015 after an employment offer with TJX Marshalls" a CareerLink client, "ended sooner than expected leading to several complaints involving racial slurs and segregation to" a CareerLink office. ECF No. 28 at 1, 17. Valentin did not clarify this statement, nor allege further facts which might put CareerLink on notice that it had engaged in unlawful discrimination. Moreover, the exhibits he referenced suggest that the alleged "harassment" was the result of his "credit history," "criminal record" and "pending court fees," rather than a protected status. ECF No. 29 at 71-72.

Valentin also made vague allegations that CareerLink denied him "[on-the-job training (OJT)] job placement" and "[OJT] employment funding" as the result of "racial barriers," and that he filed a complaint as a result of "harassment and unfair treatment." ECF No. 28 at 18-19. But he failed to allege specific facts, nor are there any fair inferences to be drawn from the complaint or exhibits, to suggest that CareerLink denied him job training or placement on account of his race or national origin.[2] Instead,

_____

[2] For example, Exhibit G includes vague references to discrimination. See ECF No. 29 at 29-32. It includes an email regarding the complaint that Valentin apparently filed with the Pennsylvania Human Relations Commission against CareerLink. He claimed to be a member of a "protected class" based on his status as a "first time ex offender and a Hispanic, lation (sic) minority." Id. at 31. He alleged that "as a member of multiple protected classes both job placement and federal funding . . .was denied to me on several occasion." Id. But he explained that he did not receive OJT employment opportunities, and was requested to complete "additional requirements" because of his "criminal record and lack of bilingual English Spanish speaking capacity." Id. He stated that CareerLink "attempted to request" that he complete additional requirements before offering him OJT

5

Valentin quoted at length from Title VII and the PHRA, and made other opaque references to unlawful conduct. See, e.g., id. at 19 (alleging "a willful display of harassing behavior and [d]iscrimination while in participating (sic) and in attendance and in employment [s]ervices partly due to Plaintiff's involvement in a number of other work related Civil Rights employment complaint").

Finally, we agree with the District Court that Valentin had the opportunity to address the pleading deficiencies in his amended complaint, and that any further amendment would be futile. See Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988) (explaining that "[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss").

Based on the foregoing, we will affirm the District Court's judgment.

---

employment opportunities, and "on several occasions," "attempted to force" him into "a segregated minimum wage workforce." Id.

6