**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2838
_____

GARRETT QUINCY WILSON,
                                        Appellant

v.

TRUIST BANK
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:23-cv-03898)
District Judge:  Honorable Michael M. Baylson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2025
Before:  KRAUSE, PHIPPS, and ROTH, Circuit Judges

(Opinion filed July 7, 2025)
_____

OPINION[*]
_____

PER CURIAM

Garrett Wilson appeals pro se from the District Court's order dismissing his

amended complaint under Federal Rule of Civil Procedure 8.  We will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In October 2023, Wilson filed a complaint in the District Court against Truist Bank. His complaint contained only one paragraph of facts, which appeared to allege that Truist's repossession of his car violated a host of federal banking, securities, criminal, and consumer protection statutes. The District Court dismissed the complaint, without prejudice, under Rule 8 for failure to state sufficient factual allegations to provide notice of the basis for his claims. Wilson then filed an amended complaint which vaguely alleged, again in just one paragraph of facts, that Truist "didn't loan me anything," breached "a fiduciary duty," "used extortion to coerce payment," laundered money, and "didn't loan me money" in an "attempt to evade or defeat tax." ECF 6 at 3. When Wilson later attempted to file a similar second amended complaint, the District Court ordered him to file a motion seeking leave of court. Wilson filed a one-sentence motion, which the District Court denied. The District Court then dismissed Wilson's amended complaint, with prejudice, under Rule 8. This appeal ensued.

We have jurisdiction under 28 U.S.C. § 1291. We review the dismissal of a complaint under Rule 8 for abuse of discretion. See Garrett v. Wexford Health, 938 F.3d 69, 91 (3d Cir. 2019). "Fundamentally, Rule 8 requires that a complaint provide fair notice of what the claim is and the grounds upon which it rests." Id. at 92 (cleaned up). The complaint cannot be "so vague or ambiguous that a defendant cannot reasonably be expected to respond to it," but must "present[] cognizable legal claims to which a defendant can respond on the merits." Id. at 93–94 (cleaned up); see also Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004) (applying Rule 8 to a pro se complaint).

The District Court did not abuse its discretion when it dismissed Wilson's amended complaint under Rule 8, as his complaint was so vague that it did not provide "notice of what the claim is and the grounds upon which it rests." Garrett, 938 F.3d at 92 (cleaned up). The amended complaint did not contain any factual allegations regarding how and when Wilson was allegedly injured by Truist's conduct, and his "[c]onclusory allegations of liability are insufficient." Id.

On appeal, Wilson's two-page brief and one-page reply generally repeat the list of federal banking, securities, criminal, and consumer protection statutes that he cited in his amended complaint, without pointing to any specific error in the District Court's conclusion that the amended complaint lacked sufficient factual allegations to satisfy Rule 8. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (discussing forfeiture of claims that were not developed in the appellants' briefing). To the extent that Wilson has developed any argument on appeal, his conclusory citations to those statutes did not "present[] cognizable legal claims to which a defendant can respond on the merits." Garrett, 938 F.3d at 94; see also Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190 (1994) (discussing limitations on inferring a private right of action from a criminal statute).

We also agree with the District Court that Wilson had the opportunity to address the pleading deficiencies in his complaint, that he failed to provide grounds to file a second amended complaint, and that any further amendment would be futile. See Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988) (explaining

3

that "[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss").

Accordingly, we will affirm.[1]

---

[1] Appellant's motion for discovery is denied.